# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 606 | **DATE** | 3/13/2008 |
| **CASE TITLE** | Pedro Diaz (B-46669) v. Rod Blagojevich | | |

**DOCKET ENTRY TEXT:**

Plaintiff Pedro Diaz's motion for leave to proceed *in forma pauperis* [3] is granted. The court orders the trust fund officer at plaintiff's place of confinement to deduct $4.30 from plaintiff's account as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk is directed to send a copy of this order to the trust fund officer at the Pontiac Correctional Center. However, summonses shall not issue at this time. The court dismisses the instant complaint without prejudice to plaintiff submitting an amended complaint within 30 days of the date of this order. Failure to submit an amended complaint within 30 days will result in dismissal of this case. The clerk is directed to provide plaintiff with an amended complaint form and instructions for filing along with a copy of this order. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice.

■ **[For further details see text below.]**      Docketing to mail notices.

## STATEMENT

    Plaintiff Pedro Diaz, currently in custody at Pontiac Correctional Center, has filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff asserts a number of different claims against different defendants pertaining to his incarceration at the Stateville Correctional Center.

    Plaintiff is granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $4.30. The trust fund officer at plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, plaintiff's trust fund officer is authorized and ordered to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and this case number. Plaintiff shall remain responsible for the filing fee, and the inmate trust account office shall notify transferee authorities of any outstanding balance, if plaintiff is transferred to another correctional facility.

**(CONTINUED)**

isk

**STATEMENT  (continued)**

    Although plaintiff may proceed *in forma pauperis* in this case, his complaint may not proceed forward. To continue with this case, plaintiff must submit an amended complaint. Plaintiff's current complaint alleges numerous claims against several different defendants.  Plaintiff asserts that, while he was at Stateville Correctional Center: he was forced to live in a cell with a toilet full of urine and feces; his grievances were ignored or unreasonably denied;  he was not allowed to call witnesses or speak on his own behalf with respect to disciplinary actions against him; and the conditions in the segregation unit were inhumane. He names as defendants Governor Rod Blagojevich; Illinois Department of Corrections Director Roger Walker; Wardens Dee Battaglia and Terry McCann; and several assistant wardens and grievance officers.  However, it is unclear what claims are being asserted against each defendant. *See Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002) (though a plaintiff need only allege a valid claim and provide some indication of time and place, the complaint must provide sufficient information to put the defendant on notice of the claim so that he can file an answer).  Also, the complaint appears to assert unrelated claims against different defendants, which plaintiff may not do.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (a complaint may not allege unrelated claims against different defendants; such claims belong in different suits).  Additionally, the complaint does not allege valid claims against Governor Blagojevich, Director Walker, or Wardens Battaglia and McCann, as plaintiff does not assert that these supervisory officials were personally involved or were associated with an unconstitutional policy or custom affecting the plaintiff.  *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir.2000) (supervisory officials may not be held liable for the unconstitutional conduct of their subordinates, unless the officials knew of and facilitated, approved, condoned, or turned a blind eye to the conduct).

    For these reasons, the Court dismisses the complaint without prejudice to plaintiff submitting an amended complaint. If plaintiff wants to proceed with this action, he must submit an amended complaint that clearly indicates what claims are being asserted against which defendants.  The amended complaint cannot allege unrelated claims against different defendants.  Also, plaintiff must state valid claims against each defendant named in the amended complaint.

    Plaintiff shall have 30 days from the date of this order to submit an amended complaint.  Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent.  As with every document filed with the court, plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.  Plaintiff is advised to keep a copy for his files.  The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.  If plaintiff fails to comply within 30 days, the case will be dismissed.  However, plaintiff will still be responsible for paying the filing fee.