**RECEIVED**

APR 10 2008
APr 10 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

PEDRO DIAZ (B46669)

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

ROD BLAGOJEVICH

ROGER WALKER JR.

DIEDRE BATTAGLIA

TERRY McCANN

MAURICE LAKE

LIETENANT ROSS

(Enter above the full name of ALL
defendants in this action. **Do not
use "et al."**)

GEORGE M. MAROVICH
JUDGE PRESIDING

NAN NOLAN
MAGISTRATE JUDGE

Case No: 08-C-606
(To be supplied by the Clerk of this Court)

MELODY J. FORD

"FRONT END LIETENANT"

C/O  TURNER

"VISITING ROOM SERGANT

AMI WORKMAN

CHECK ONE ONLY:

**AMENDED COMPLAINT**

[X] COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code (state, county, or municipal defendants)

_____ COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code (federal defendants)

_____ OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

DEFENDANTS

| | |
|---|---|
| TAMMI GARCIA | HEALTH CARE UNIT STAFF |
| REVITA GLENN | F-HOUSE STAFF |
| JOHN P. SCHNIDER | C/O    STIGLER |
| YRHNEST PARKER | L.    DENNIS |
| MARSHALL HILL | JERRY   BALDWIN |
| CLEO JOHNSON | SGT.    BERKLEY |
| B.    BARNES | LT.    MIER |
| C/O    QUINTERO | C/O    CARTWRIGHT |
| C/O    LARA | ED BUTKIEWIEZ |
| JACKIE MILLER | S.O.R.T. TEAMS C/O'S |
| JUDE EVANS | DARRYL M. EDWARDS |
| JAMES BURZINSKI | CHRISTOPHER CANNON |
| LEE R. BANKS JR | K.    WHITINGTON |
| C/O MINDI S PIERCE | TERRI ANDERSON |
| DARYL JOHNSON | |
| C/O    KOVACH | |

**I.**   **Plaintiff(s):**

A.   Name: PEDRO DIAZ

B.   List all aliases: _____

C.   Prisoner identification number: B46669

D.   Place of present confinement: PONTIAC C.C.

E.   Address: P.O. BOX 99   PONTIAC, IL. 61764

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

**II.**   **Defendant(s):**
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A.   Defendant: ROD BLAGOJEVICH

Title: GOVERNOR

Place of Employment: STATE OF ILLINOIS

B.   Defendant: ROGER WALKER JR.

Title: DIRECTOR - ILLINOIS DEPARTMENT OF CORRECTIONS

Place of Employment: I.D.O.C.

C.   Defendant: DIEDRE BATTAGLIA

Title: WARDEN

Place of Employment: STATEVILLE C.C.

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2 (a)

Revised 9/2007

DEFENDANT(S)

D. DEFENDANT: TERRY McCANN

TITLE: WARDEN

PLACE OF EMPLOYMENT: STATEVILLE C.C.


E. DEFENDANT: MAURICE LAKE

TITLE: MAJOR

PLACE OF EMPLOYMENT: STATEVILLE C.C.


F. DEFENDANT: ROSS

TITLE: LIEUTENANT

PLACE OF EMPLOYMENT: STATEVILLE C.C.


G. DEFENDANT:

TITLE: "FRONT END LIEUTENANT"

PLACE OF EMPLOYMENT: STATEVILLE C.C.


H. DEFENDANT: MIER

TITLE: LIEUTENANT

PLACE OF EMPLOYMENT: STATEVILLE C.C.


I. DEFENDANT: MELODY J. FORD

TITLE:

PLACE OF EMPLOYMENT: I.D.O.C.


2 (b)

DEFENDANT(S)

J. DEFENDANT: ███████ ████ ████████ "VISITING ROOM SERGEANT"

TITLE: SERGEANT

PLACE OF EMPLOYMENT: STATEVILLE C.C.

K. DEFENDANT: HEALTH CARE UNIT STAFF

TITLE: DR.

PLACE OF EMPLOYMENT: STATEVILLE C.C.

L. DEFENDANT: TURNER

TITLE: CORRECTIONAL OFFICER (INTERNA INVESTIGATOR)

PLACE OF EMPLOYMENT: STATEVILLE C.C.

M. DEFENDANT: BERKLEY

TITLE: SERGEANT

PLACE OF EMPLOYMENT: STATEVILLE C.C.

N. DEFENDANT: TAMMY GARCIA

TITLE: GRIEVANCE OFFICER

PLACE OF EMPLOYMENT: STATEVILLE C.C.

O. DEFENDANT: AMI WORKMAN

TITLE: GRIEVANCE OFFICER

PLACE OF EMPLOYMENT: STATEVILLE C.C.

2 (c)

DEFENDANT (S)

P. DEFENDANT: RENITA GLEN
   TITLE: GRIEVANCE OFFICER
   PLACE OF EMPLOYMENT: STATEVILLE C.C.

Q. DEFENDANT: JOHN P. SCHNIDER
   TITLE: CORRECTIONAL OFFICER
   PLACE OF EMPLOYMENT: STATEVILLE C.C.

R. DEFENDANT: YRHNEST PARKER
   TITLE: CORRECTIONAL OFFICER
   PLACE OF EMPLOYMENT: STATEVILLE C.C.

S. DEFENDANT: QUINTERO
   TITLE: CORRECTIONAL OFFICER
   PLACE OF EMPLOYMENT: STATEVILLE

T. DEFENDANT: LARA
   TITLE: CORRECTIONAL OFFICER
   PLACE OF EMPLOYMENT: STATEVILLE C.C.

U. DEFENDANT: CARTWRIGHT
   TITLE: CORRECTIONAL OFFICER
   PLACE OF EMPLOYMENT: STATEVILLE C.C.

DEFENDANT (S)

V. DEFENDANT: L DENNIS
TITLE: COUNSELOR
PLACE OF EMPLOYMENT: STATEVILLE C.C.

W. DEFENDANT: JERRY BALDWIN
TITLE: COUNSELOR
PLACE OF EMPLOYMENT: STATEVILLE C.C.

X. DEFENDANT: B BARNES
TITLE: COUNSELOR
PLACE OF EMPLOYMENT: STATEVILLE C.C.

Y. DEFENDANT: STIGLER
TITLE: CORRECTIONAL OFFICER
PLACE OF EMPLOYMENT: STATEVILLE C.C.

Z. DEFENDANT: MARSHAL HILL
TITLE: ADJUSTMENT COMMITTEE HEARING OFFICER
PLACE OF EMPLOYMENT: STATEVILLE C.C.

AA. DEFENDANT: CLEO JOHNSON
TITLE: ADJUSTMENT COMMITTEE HEARING OFFICER
PLACE OF EMPLOYMENT: STATEVILLE C.C.

DEFENDANT (S)

BB. DEFENDANT: JACKIE MILLER
TITLE: ADMINISTRATIVE REVIEW BOARD CHAIRPERSON
PLACE OF EMPLOYMENT: I. D. O. C.

CC. DEFENDANT: JUDE EVANS
TITLE: INTERNAL INVESTIGATOR
PLACE OF EMPLOYMENT: STATEVILLE C.C.

DD. DEFENDANT: S. O. R. T. TEAM MEMBERS
TITLE: CORRECTIONAL OFFICERS
PLACE OF EMPLOYMENT: STATEVILLE C.C.

EE. DEFENDANT: DARRYL M. EDWARDS
TITLE: ADJUSTMENT COMMITTEE MEMBER
PLACE OF EMPLOYMENT: STATEVILLE C.C.

FF. DEFENDANT: CHRISTOPHER CANNON
TITLE: ADJUSTMENT COMMITTEE MEMBER
PLACE OF EMPLOYMENT: STATEVILLE C.C.

GG. DEFENDANT: LEE R. BANKS JR.
TITLE: S. O. R. T. TEAM COMMANDER
PLACE OF EMPLOYMENT: STATEVILLE C.C.

<u>DEFENDANT (S)</u>

HH. DEFENDANT: ED. BUTKIEWIEZ

    TITLE: COUNSELOR

    PLACE OF EMPLOYMENT: STATEVILLE C.C.


II. DEFENDANT: JAMES BURZINSKI

    TITLE: LIEUTENAUT

    PLACE OF EMPLOYMENT: STATEVILLE


JJ. DEFENDANT: F-HOUSE STAFF

    TITLE: CORRECTIONAL OFFICERS

    PLACE OF EMPLOYMENT: STATEVILLE


KK. DEFENDANT: MINDI S. PIERCE

    TITLE: CORRECTIONAL OFFICER

    PLACE OF EMPLOYMENT: STATEVILLE C.C.


LL. DEFENDANT: C/O KOVACH

    TITLE: CORRECTIONAL OFFICER

    PLACE OF EMPLOYMENT: STATEVILLE C.C.


MM. DEFENDANT: K. WHITINGTON

    TITLE: COUNSELOR

    PLACE OF EMPLOYMENT: STATEVILLE C.C.

**III.** **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A.   Name of case and docket number: _PEDRO DIAZ V DAVID ROSARIO_
     _02 CV 05651_

B.   Approximate date of filing lawsuit: _8-20-02_

C.   List all plaintiffs (if you had co-plaintiffs), including any aliases: _____

D.   List all defendants: _LT DAVID RASARIO, C/O KENDRICK PULLAMS,_
     _C/O SHERMAN CARTER, SGT. W. CROOKS_

E.   Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _U.S DISTRICT COURT NORTHERN DISTRICT EAST. DV._

F.   Name of judge to whom case was assigned: _GEORGE M. MAROVICH_

G.   Basic claim made: _BRUTALITY, EXCESIVE FORCE_

H.   Disposition of this case (for example:  Was the case dismissed?  Was it appealed? Is it still pending?): _OUT-OF-COURT SETTLEMENT (2,000)_

I.   Approximate date of disposition: _MAY 2005_

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

ADDITIONAL LAWSUITS

A. NAME OF CASE AND DOCKET NUMBER: PEDRO DIAZ v STATE OF ILLINOIS

B. APPROXIMATE DATE OF FILING: NOVEMBER 2004

C. LIST ALL PLAINTIFFS:  NO CO-PLAINTIFFS

D. LIST ALL DEFENDANTS: STATE OF ILLINOIS, ILLINOIS DEPARTMENT OF CORRECTIONS

E. COURT IN WHICH LAWSUIT WAS FILED: ILLINOIS COURT OF CLAIMS

F. NAME OF JUDGE: UNKNOWN AT THIS TIME

G. BASIC CLAIM MADE: LOSS OF PROPERTY

H. DISPOSITION OF CASE: OUT-OF-COURT SETTLEMENT (20.00)

I. DATE OF DISPOSITION:  JULY 2005

3/(b)

IV.    **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

ON MARCH 11, 2006, PLAINTIFF WAS ACCUSED OF ASSAULTING A GUARD (JOHN P. SCHNIDER) AT STATEVILLE CORRECTIONAL CENTER AND WAS TAKEN TO THE DISCIPLINARY SEGREGATION UNIT. THE RETALIATION, INTIMIDATION AND HARRASMENT AGAINST PLAINTIFF BEGAN IMMIDIATELY. PRIOR TO BEING ADMITTED INTO THE SEGREGATION UNIT, PLAINTIFF WAS FORCED TO SUBMIT TO A DRUG TEST BY LIEUTENANT ROSS. (A POSITIVE TEST OR REFUSING TO SUBMIT TO TESTING RESULTS IN A SIX MONTH SEGREGATION SENTENCE) TWO INMATES WHO WERE BEING ADMITTED INTO SEGREGATION, AT THE SAME TIME, AND WERE BOTH CHARGED WITH POSSESION OF DRUGS OR DRUG PARAPHARNILIA, WERE **NOT** FORCED TO SUBMIT TO DRUG TESTING, AND WERE PROMPTLY ASSIGNED A CELL, WHEREAS, PLAINTIFF WAS FORCED TO REMAIN IN A SMALL 'HOLDING CELL' FOR TWO HOURS. WHEN DEFENDANT WAS FINALY ASSIGNED A CELL, PLAINTIFF WAS PLACED IN A CELL WHICH HAD A BROKEN TOILET AND THE BOWL WAS FILLED WITH URINE AND FECES. THE HOT WATER

Revised 9/2007

DID NOT WORK AND THE ENTIRE CELL WAS FILTHY AND ROACH INFESTED. PLAINTIFF WAS FORCED TO SPEND TWENTY-FOUR HOURS A DAY IN THIS CELL (F-231) AND EVEN HAD TO EAT WITH THE STENCH OF HUMAN WASTE ABOUT. PLAINTIFF SUFFERED THESE CONDITIONS FOR SIX DAYS, DESPITE NUMEROUS REQUEST TO BE MOVED AND ALLOWED TO USE A WORKING, SANITARY BATHROOM. WHEN PLAINTIFFS PROPERTY WAS DELIVERED TO HIM ON MARCH 17, 06, THE GUARDS WORKING IN F-HOUSE (SEGREGATION) DID NOT ALLOW PLAINTIFF TO PUT HIS PROPERTY IN HIS CELL UNTIL MARCH 18, 2006. UNTIL THEN, PLAINTIFF HAD NO SOAP, TOOTHBRUSH OR OTHER BASIC HYGINE ITEMS. WHEN PLAINTIFF WAS FINALY GIVEN HIS PROPERTY BOXES, HE DISCOVERED THAT HIS TYPEWRITER AND HEADPHONES WERE BROKEN. GUARD JOHN P. SCHNIDER SENT ME TO SEGREGATION UNDER FALSE PRETENSES AND LIEUTENANT ROSS, GUARDS LARA, CARTWRIGHT AND QUINTERO THEN BEGAN TO HARRASS, INTIMIDATE AND RETALIATE AGAINST ME AND ARE THEREFORE ALL FIVE RESPONSIBLE FOR ME BEING PLACED IN THE CELL UNDER INHUMANE CONDITIONS. LARA, CARTWRIGH AND QUINTERO WERE

5

Revised 9/2007

THE GUARDS WHO PLACED ME IN THE CELL, SERGEANT BERKLEY
AND LIETENANT MEIR WERE THE ONES IN CHARGE OF F-HOUSE,
AND CELL PLACEMENT. WHEN I FILED A GRIEVANCE ABOUT MY
INHUMANE TREATMENT, LIEUTENANT ROSS CAME TO MY CELL IN
IN SEGREGATION AND THREATENED ME FOR FILING THE
GRIEVANCE AGAINST HIM. AN INVESTIGATOR FROM THE INTERNAL
INVESTIGATION DEPARTMENT (TURNER) INTERVIEWED ME AND
TOLD ME HE (TURNER) KNEW LIEUTENANT ROSS AND THAT
LIEUTENANT ROSS WAS PROBABABLY JUST TRYING TO INTIMIDATE
ME AND WOULD PROBABLY NOT DO ANYTHING.

COUNSELOR JERRY BALDWIN, GRIEVANCE OFFICER TAMMY GARCIA,
ADMINISTRATIVE REVIEW BOARD MEMBER MELODY J. FORD AND
DIRECTOR ROGER WALKER JR. ALL FACILITATED THE INHUMANE
TREATMENT AND THREATS AND RETALIATION BY TURNING A
BLIND EYE TO THEM WHEN I FILED MY GRIEVANCES AND
FAILING TO MAKE AN INDEPENDANT ASSESMENT OF THE
EVIDENCE IN MY GRIEVANCES BEFORE DENYING ME THE
RELIEF SOUGHT IN THE GRIEVANCES.

WHEN PLAINTIFF APPEARED BEFORE THE ADJUSTMENT
COMMITTEE ON THE CHARGE OF ASSAULTING ANY
PERSON, THE DISCIPLINARY REPORT, PREPARED BY
GUARD SCHNIDER - AND ONLY THAT REPORT - WAS
READ TO THE PLAINTIFF. PLAINTIFF TRIED TO EXPLAIN
THAT THE CONTACT BETWEEN PLAINTIFF AND THE GUARD

WAS INCIDENTAL AND ONLY OCCURRED BECAUSE THE GUARD WAS DELIBERATELY BLOCKING THE ONLY DOORWAY PLAINTIFF COULD PASS THROUGH. PLAINTIFF ASKED THE ADJUSMENT COMMITTEE MEMBERS (MARSHALL HILL AND CLEO JOHNSON) TO VIEW THE SECURITY VIDEO FROM THE DINING AREA WHERE THE ALLEGED INCIDENT OCCURRED, TO PROVE HIS INNOCENCE. (THE VIDEO WAS NEVER VIEWED)

    BEFORE PLAINTIFF COULD COMPLETE SPEAKING IN HIS DEFENSE, PLAINTIFF WAS ASKED TO LEAVE THE HEARING ROOM. AFTER PLAINTIFF WAS GIVEN NOTICE THAT HE HAD BEEN FOUND GUILTY OF ASSAULT, PLAINTIFF DISCOVERED THAT A SECOND GUARD (YRHNEST PARKER) FILED A "WITNESS" REPORT WHICH GAVE AN ENTIRELY DIFFERANT ACCOUNT OF THE ALLEGED INCIDENT. PLAINTIFF FILED A GRIEVANCE APPEALING THE ADJUSTMENT COMMITTEES FINDING OF GUILT AND RAISED THE ISSUE OF DUE PROCESS VIOLATION FOR NOT BEING PERMITTED TO GIVE A DEFENSE AND NOT BEING INFORMED OF THE "WITNESS" STATEMENT.

    JOHN SCHNIDER AND YRHNEST PARKER FILED FALSE REPORTS AGAINST ME. MARSHALL HILL AND CLEO JOHNSON DENYED ME DUE PROCESS AT MY HEARING. COUNSELOR JERRY BALDWIN GRIEVANCE OFFICER AMY WORKMAN, WARDEN DIEDRE BATTAGLIA, ADMINISTRATIVE REVIEW BOARD MEMBER MELODY J. FORD AND I.D.O.C. DIRECTOR ROGER WALKER JR ALL FAILED TO MAKE AN INDEPENDANT ASSESMENT OF EVIDENCE AND

ALL DENIED MY GRIEVANCE AND APPEALS AND FAILED TO ENSURE THAT I WAS AFFORDED MY RIGHTS TO DUE PROCESS AND BY FAILING TO DO SO, FACILITATED IN THE ABUSE AND TURNED A BLIND EYE TO THE ABUSE. PLAINTIFF WAS FORCED TO SERVE A NINETY-DAY TERM IN SEGREGATION UNDER MORE RESTRICTIVE AND HARSH CONDITIONS THAN WOULD BE ENDURED IN GENERAL POPULATION, SUCH AS NOT BEING ALLOWED TO LEAVE HIS CELL FOR MEALS, NOT BEING ALLOWED TO ATTEND RELIGIOUS SERVICES OR OTHER SPECIAL SERVICES, NOT BEING ALLOWED TO RECIEVE CONTACT VISITS, ▬ BEING FORCED TO WEAR HANDCUFFS, SHACKLES AND/OR 'WAIST CHAINS' WHENEVER LEAVING HIS CELL, AND BEING DENIED ADDIO/VISUAL EQUIPMENT AS WELL AS OTHER PERSONAL PROPERTY. ALL FAILED TO MAKE AN INDEPENDANT ASSESMENT OF THE EVIDENCE BEFORE DENYING MY GRIEVANCE.

WHILE SERVING THE NINETY DAY SENTENCE IN THE SEGREGATION UNIT (F-HOUSE) PLAINTIFF FILED SEVERAL GRIEVANCE REGARDING INHUMANE, UNHEALTHY, UNSANITARY AND/OR DANGEROUS CONDITIONS IN F-HOUSE.

ONE GRIEVANCE COMPLAINED OF THE RECREATION AREA (YARD) FOR F-HOUSE INMATES.

8

APPROXIMATELY TEN TO FIFTEEN INMATES ARE PLACED IN A YARD THAT MEASURES APPROX- IMATELY TWENTY BY THIRTY FEET. THE INMATES ARE PERMITTED ONE FIVE-HOUR YARD PERIOD EACH WEEK.

THERE ARE NO BATHROOM FACILITIES AND INMATES ARE FORCED TO URINATE AND DEFICATE ON THE VERY YARD THEY SPEND THEIR ENTIRE YARD TIME ON. THERE IS ALSO NO WATER PROVIDED EXCEPT *SEASONALY, WHEN AVAILABLE.*

INMATES, LIKE MYSELF, WHO DO NOT PLAY BASKETBALL, ARE FORCED TO STAND AGAINST THE FENCE OR RISK AN ALTERCATION WITH THE OTHER INMATES WHO DO PLAY BASKETBALL. IN NO WAY DO THESE CONDITIONS MEET, EVEN THE MINIMUM STANDARDS, OF LAWFULLY MANDATED RECREATION TIME OR AREA. LIETENANT BUTCHKOWSKI WAS THE LIEUTENANT IN CHARGE OF F-HOUSE.

LIEUTENANT BUTCHKOWSKI, COUNSELOR B. BARNES, GRIEVANCE OFFICER TAMMY GARCIA, WARDEN TERRY MCCANN, A.R.B. MEMBER MELODY J FORD AND DIRECTOR ROGER WALKER JR. WERE ALL MADE AWARE OF THE INHUMANE CONDITIONS AND DID NOT MAKE CORRECTIONS TO RECTIFY THESE CONDITIONS AND INSTEAD FACILITATED THE

INHUMANE TREATMENT BY TURNING A BLIND
EYE TO IT.

THE COUNSELOR, GRIEVANCE OFFICER AND
WARDEN, AS WELL AS THE LIEUTENANT, HAVE
ALL MADE FIRST HAND OBSERVATIONS OF
THE LACK OF RESTROOMS AND DRINKING
WATER. ALL ARE THEREFORE RESPONSIBLE
FOR THE ABUSE, BECAUSE, AS IN THE OTHER
INSTANCES COMPLAINED OF IN THIS COMPLAINT,
REVIEWING AUTHORITIES FAILED TO MAKE AN
INDEPENDANT ASSESMENT OF THE INFORMATION AND/OR
EVIDENCE AND TAKE THE NECCESSARY STEPS
TO CORRECT THESE MATTERS.

PLAINTIFF ALSO FILED A GRIEVANCE COMPLAINING
OF UNSANITARY CONDITIONS AND THE STAFFS
FAILURE TO PROVIDE CLEANING SUPPLIES
WHILE IN SEGREGATION, PLAINTIFF HAD MORE
THAN A HALF-DOZEN DIFFERANT CELLMATES AND
NOT ONCE, DESPITE NUMEROUS REQUESTS, DID
PLAINTIFF RECIEVE ANY CLEANING SUPPLIES.
PLAINTIFF WAS TOLD THAT CLEANING SUPPLIES
ARE VERY LIMITED AND THE "**ONLY**" ITEM
BEING PROVIDED FOR AN INMATES CELL IS
TRU-KLENZ, WHICH PLAINTIFF NEVER RECIEVED.

10

PLAINTIFF ALSO FILED A GRIEVANCE ABOUT BROKEN WINDOWS
IN HIS CELL WHICH ALLOWED FREEZING WINDS TO BLOW
THROUGH THE CELL. BECAUSE SEGREGATION INMATES ONLY
ARE PERMITTED ONE SHOWER PER WEEK, PLAINTIFF WAS
FORCED TO BATHE IN THE SINK LOCATED IN HIS CELL
WHICH IS TWO FEET AWAY FROM THE WINDOW. PLAINTIFF
MADE NUMEROUS REQUESTS TO BE MOVED INTO A CELL WHERE
THE WINDOWS WERE NOT BROKEN BUT WAS TOLD THERE WERE
NONE AVAILABLE.

PLAINTIFF BELIEVES THE F-HOUSE STAFFS REFUSAL TO
PROVIDE CLEANING SUPPLIES AND A CELL WITH A WINDOW
WHICH WAS NOT BROKEN WERE THE CAUSE OF HIS ALMOST
CONSTANT ILLNESS IN SEGREGATION.

LIEUTENANT BUTCHROWSKI WAS IN CHARGE OF THE
SEGREGATION UNIT, COUNSELOR JERRY BALDWIN, GRIEVANCE
OFFICER TAMMY GARCIA AND WARDENS DEIDRE BATTAGLIA,
AND TERRY McCANN ALL HAD FIRST HAND KNOWLEDGE OF
THE CONDITIONS IN SEGREGATION BECAUSE THEY VIEWED
THE CONDITIONS WHEN THEY 'VISITED' F-HOUSE, THEREFORE
ALL ARE RESPONSIBLE FOR FAILING TO CORRECT THE
CONDITIONS AND INSTEAD TURNING A BLIND EYE TO
THE CONDITIONS. A.R.B. MEMBER MELODY J. FORD AND
I.D.O.C. DIRECTOR ROGER WALKER JR. FAILED TO MAKE
AN INDEPENDANT ASSESMENT OF THE INFORMATION AND
EVIDENCE WHICH WAS CLEARLY DESCRIBED IN

11

PLAINTIFFS GRIEVANCE. ALL ARE THEREFORE
RESPONSIBLE BY TURNING A BLIND EYE TO
THE CONDITIONS AND THEREBY FACILITATING
THE ABUSE SUFFERED BY PLAINTIFF.


ALSO WHILE SERVING THE NINETY-DAY
SEGREGATION SENTENCE, PLAINTIFF FELL DOWN
A FLIGHT OF STAIRS WHILE RETURNING TO
HIS CELL AFTER SHOWERING. AT THE TIME
OF THE FALL, PLAINTIFFS HANDS WERE
CUFFED BEHIND HIS BACK AND HE WAS UNABLE
TO PROTECT HIMSELF AND SUFFERED INJURIES
TO HIS HEAD, SHOULDERS, FOREARMS, BACK
AND WRISTS. OFFICER QUINTERO WITNESSED
THE PLAINTIFF FALL BUT REFUSED TO CALL
MEDICAL PERSONAL TO EXAMINE THE PLAINTIFF.
FOR FOUR HOURS PLAINTIFF REQUESTED MEDICAL
TREATMENT FROM OFFICER QUINTERO, OFFICER
LARA, AND OFFICER CARTWRIGHT. AS WELL AS
SERGEANT BERKLEY AND LIEUTENANT MIER.
ONLY AFTER SUFFERING FOR FOUR HOURS
AND MAKING NUMEROUS REQUEST TO THE
ABOVE NAMED STAFF, WAS PLAINTIFF FINALY

12

TAKEN TO SEE THE "MED-TECH".

AFTER EXAMING PLAINTIFFS INJURIES, THE MED-TECH RECOMMENDED THAT THE PLAINTIFF BE SEEN BY THE DOCTOR.

THE NEXT DAY, PLAINTIFF WAS TAKEN TO SEE THE DOCTOR BUT WAS TOLD THAT, DUE TO A MEDICAL EMERGENCY INVOLVING A "LEVEL E" INMATE WHO HAD BEEN VOMITING FOR FOUR DAYS, THE DOCTOR DID NOT HAVE MUCH TIME.

I WAS FORCED TO REMAIN IN A "WAIST-CHAIN" AND SHACKLED THROUGHT THE "EXAM" WHICH TOOK ABOUT ONE MINUTE.

THE RESTRAINTS PREVENTED THE DOCTOR FROM VIEWING OR EXAMING MY SHOULDERS, BACK AND WRISTS - ALL WHICH WERE CAUSING ME PAIN AND DISCOMFORT.

I WAS NOT EVEN GIVEN TYLENOL OR ASPRIN FOR THE PAIN WHICH LASTED SEVERAL WEEKS.

OFFICERS LARA, CARTWRIGHT, AND QUINTERO ALL REFUSED ME MEDICAL TREATMENT. SGT. BERKLEY AND LIEUTENANT MIER ALSO DENIED ME MEDICAL TREATMENT. THE MEDICAL STAFF (DOCTOR) AT THE HEALTH CARE UNIT ALSO

DENIED ME MEDICAL TREATMENT. THE
OFFICERS, SGT. AND LIEUTENANT ALSO
FAILED TO ENSURE MY SAFETY WHILE I
WAS HANDCUFFED AND DEFENSELESS.
    PLAINTIFF REQUESTED STATEVILLE TO PROVIDE
A DRY AREA TO DRESS AFTER SHOWERS AND
A NON-SLIP COATING APPLIED TO THE
STAIRS AS WELL AS OTHER RELIEF.
    COUNSELOR JERRY BALDWIN, GRIEVANCE OFFICER
AMI WORKMAN, A.R.B. MEMBER MELODY J.
FORD AND I.D.O.C. DIRECTOR ROGER WALKER
JR. ALL FAILED TO MAKE AN INDEPENDANT
ASSESMENT OF THE INFORMATION AND EVIDENCE
BEFORE DENYING PLAINTIFFS GRIEVANCE THEREBY
FACILITATING THE ABOVE MENTIONED VIOLATIONS
AND TURNING A BLIND EYE TO THEM.


    WHEN PLAINTIFF WAS RELEASED FROM THE SECREGATION
UNIT PLAINTIFF RECIEVED VISITS FROM HIS FAMILY. (CONTACT
VISITS) PRIOR TO BEING ALLOWED TO ATTEND HIS VISITS,
PLAINTIFF WAS FORCED TO SUBMIT TO A STRIP SEARCH
DURING WHICH PLAINTIFF HAD TO TOUCH HIS GENITILIA AND
BUTTOCKS THEN, WAS NOT PERMITTED TO WASH HIS HANDS
AFTERWARDS.

PLAINTIFF FILED GRIEVANCE'S REGARDING THE UNSANITARY, AND HUMILIATING SHAKE DOWN PROCEDURES.

IN THE COUNSELOR'S RESPONSE TO A GRIEVANCE DATED 11-14-06, COUNSELOR L. DENNIS WROTE "VISITING ROOM SGT. STATED THAT THERE IS NO OFFENDER BATHROOM IN THE VISITING ROOM. THE OFFENDER WOULD HAVE HAD TO LEAVE THE VISITING ROOM TO WASH HIS HANDS AND BE SHOOK DOWN AGAIN. THE OFFENDER BATHROOM THAT WAS ONCE IN THE VISITING ROOM IS NOW BEING USED AS **A STORAGE CLOSET**. THERE ARE NO FACILITIES AVAILABLE FOR USE ANY LONGER".

PRIOR TO RECIEVING THIS RESPONSE, PLAINTIFF WROTE LETTERS TO THE HEALTH DEPARTMENT, THE DIRECTOR OF THE ILLINOIS DEPARTMENT OF CORRECTIONS (ROGER WALKER JR) AND GOVERNOR ROD BLAGOJEVICH.

PLAINTIFF —NO OTHER INMATES— RECIEVED A MEMORAN-DUM, FROM WARDEN TERRY McCANN, DATED 11-9-06 STATING THAT THERE ARE FACILITIES "IN THE VICINITY" OF THE VISITING ROOM AND THAT PLAINTIFF SHOULD INFORM THE GUARD OF MY DESIRE TO WASH MY HANDS PRIOR TO MY VISITS.

ON 12-16-06, PLAINTIFF RECIEVED A VISIT FROM HIS MOTHER TO CELEBRATE HER BIRTHDAY. PLAINTIFF WAS AGAIN FORCED TO TOUCH HIS GENITILIA AND

BUTTOCKS DURING THE STRIP SEARCH AND WHEN
PLAINTIFF INFORMED THE GUARD (C/O STIGLER) OF HIS
DESIRE TO WASH HIS HANDS, THE GUARD TOLD PLAINTIFF
TO FILE A GRIEVANCE, AND DENIED PLAINTIFFS REQUEST.

NUMEROUS TIMES I WAS SHAMED AND HUMILIATED
BY HAVING TO EMBRACE MY LOVED ONES AND EAT
WITH THEM KNOWING MY HANDS WERE SOILED.

C/O STIGLER, COUNSELOR L. DENNIS, GRIEVANCE
OFFICER TAMMY GARCIA, "FRONT END LIEUTENANT",
"VISITING ROOM SERGEANT", MAJOR MAURICE LAKE, WARDENS
TERRY McCANN AND DIEDRE BATTAGLIA AS WELL AS
DIRECTOR ROGER WALKER JR. ALL HAD KNOWLEDGE OF
THIS UNSANITARY, DEGRADING PRACTICE AND FACILITATED
IN IT'S OCCURRANCE BY TURNING A BLIND EYE TO IT
AND FAILING TO MAKE AN INDEPENDANT ASSESMENT
OF THE INFORMATION AND EVIDENCE. THEREFORE ALL ARE
RESPONSIBLE FOR THE VIOLATIONS I SUFFERED.

HAND SANITIZER WAS LATER PLACED IN THE SHAKE DOWN ROOM
BUT WAS NOT REFILLED WHEN IT RAN EMPTY. PLAINTIFF FILED
YET ANOTHER GRIEVANCE AFTER AGAIN BEING FORCED TO ENDURE
THE UNSANITARY DEGRADING AND DEMORALIZING STRIP SEARCH
PROCEDURES AND WAS TOLD THAT MORE HAND SANITIZER
WOULD BE PURCHASED WITH FUNDS FROM THE INMATES
BENEFIT FUNDS.

16

ON FEBRUARY 22, 2007, PLAINTIFF WAS AGAIN TAKEN TO THE
SEGREGATION UNIT AND CHARGED WITH SEXUAL MISCONDUCT.
PLAINTIFF PROVIDED THE ADJUSTMENT COMMITTEE MEMBERS
WITH A WRITTEN STATEMENT REQUESTING WITNESS BE
INTERVIEWED. NONE OF PLAINTIFFS WITNESSES WERE
LOCATED OR INTERVIEWED AND PLAINTIFF FILED A TIMELY
GRIEVANCE. ALTHOUGH THE GRIEVANCE WAS DENIED, PLAINTIFF
FILED A TIMELY APPEAL YET WAS DENIED HIS RIGHT TO
APPEAL BY MELODY J. FORD.

OFFICER MINDI S. PIERCE WROTE THE FALSE REPORT WHICH
I WENT TO SEGREGATION FOR. ADJUSTMENT COMMITTEE
MEMBERS EDMUND BUTKIEWICZ AND DARYL L. JOHNSON
FAILED TO PROVIDE ME DUE PROCESS BY NOT INTERVIEWING
MY WITNESSES. AMI WORKMAN AND MELODY J FORD
WRONGFULLY DENIED MY GRIEVANCE.


WHILE SERVING THE THIRTY DAY SEGREGATION SENTENCE
FOR SEXUAL MISCONDUCT, PLAINTIFF FILED ANOTHER ARRAY OF
GRIEVANCES CONCERNING CONDITIONS IN THE SEGREGATION
UNIT.

PLAINTIFF COMPLAINED OF: 1) NOISE LEVEL IN SEGREGATION
IS SO LOUD PLAINTIFF COULD NOT SLEEP, 2) GARBAGE (DIRTY
DINNER TRAYS) ARE NOT COLLECTED AND LEFT IN THE CELL ALL
NIGHT (NO DOUBT CONTRIBUTING TO THE ROACH INFESTATION), 3)
WINDOWS LEAK COLD AIR INTO CELL, 4) CELL (117) HAD

17

EXPOSED **LIVE** WIRING ONE FOOT FROM SINK WHERE
PLAINTIFF HAD TO WASH-UP (BATHE), 4) PLAINTIFF WAS GIVEN
A DIRTY, SOILED, SMELLY MATTRESS TO SLEEP ON (WHICH PLAINTIFF
REFUSED TO ~~DUE~~ DO, DUE TO RISK OF DISEASE AND WAS FORCED
TO SLEEP ON PLAIN STEEL FRAM) 5) CELLS IN SEGREGATION
ONLY PROVIDE 2½ FEET BY 9 FEET OF 'LIVING SPACE', 6)
FOOD TRAYS ARE PREPARED IN AN UNSANITARY BASEMENT WITH
NO FOOD SUPERVISOR PRESENT, ONLY INMATES, 7) INMATE
'WORKERS' IN SEGREGATION PERFORM JANITORIAL DUTIES AND
FOOD SERVICES WITHOUT CHANGING CLOTHES OR WASHING THEIR
HANDS, 8) PLAINTIFF WAS NOT PERMITTED TO PURCHASE GLOVES
OR EAR WARMERS TO PROTECT HIM FROM THE FREEZING COLD
WHEN HE WENT TO YARD, 9) PLAINTIFF WAS ELECTRICALY
SHOCKED WHILE WASHING-UP (BATHING) IN HIS CELL. (A
MAINTINANCE WORKER LATER REPLACED THE G.F.I. OUTLET
AND STATED IT WAS DEFECTIVE.) ALL OF THESE VIOLATIONS
CAUSED PHYSICAL AND MENTAL HARM TO PLAINTIFF.

COUNSELOR'S ED BUTKIEWICZ AND B. BARNES
WRONGFULLY DENIED MY GRIEVANCES. THE SEGREGATION
UNIT STAFF MEMBERS ALLOWED THE UNSANITARY, NOISY,
DANGEROUS CONDITIONS. GRIEVANCE OFFICER AMI WORKMAN,
MELODY J. FORD AND ROGER WALKER JR. ALL FAILED TO
MAKE AN INDEPENDANT ASSESMENT OF THE INFORMATION
AND EVIDENCE BEFORE DENYING MY APPEALS.

WHEN PLAINTIFF WAS RETURNED TO GENERAL POPULATION, PLAINTIFF FILED A GRIEVANCE REGARDING HIS WATER BOTTLES BEING THROWN AWAY DURING A 'SHAKE DOWN'. PLAINTIFF WAS TOLD EMPTY BOTTLES ARE NOT CONSIDERED PROPERTY, BUT GARBAGE.

PLAINTIFF LATER FILED A GRIEVANCE COMPLAINING THAT THERE IS NO DRINKING WATER PROVIDED TO INMATES WHEN THEY ATTEND 'SMALL YARD' (WHICH IS WHERE HALF OF THE INMATES YARD TIME OCCURS). PLAINTIFF WAS TOLD THAT HE; PLAINTIFF, COULD CHOSE TO NOT ATTEND YARD OR PROVIDE HIS OWN WATER. PLAINTIFF WAS TOLD THAT HE COULD PURCHASE A "CONTAINER" FROM COMMISSARY. (THE ONLY "CONTAINER" WHICH COULD BE PURCHASED IS A BOTTLE OF WATER OR OTHER REFRESHMENT)

BEING DENIED WATER, WHEN TEMPERATURES WERE IN THE 90'S, FOR A TWO – THREE HOUR YARD PERIOD CAUSED EXTREME DISCOMFORT, THIRST, DIZZINESS AND DEHYDRATION.

COUNSELOR L. DENNIS, AMI WORKMAN, TERRY MCCANN, MELODY J. FORD AND ROGER WALKER JR ALL DENIED MY GRIEVANCES AND THE REQUEST FOR WATER TO BE PROVIDED TO ME AND OTHER INMATES. ALL ARE THEREFORE RESPONSIBLE.

19

ON AUGUST 8, 2007, PLAINTIFF, ONCE AGAIN, RETURNED TO THE SEGREGATION UNIT. PLAINTIFF WAS CHARGED WITH FIGHTING, AS A RESULT OF A PHYSICAL CONFRONTATION BETWEEN PLAINTIFF AND HIS CELLMATE. PLAINTIFF DID NOT DENY HE WAS FIGHTING (NO DOES HE DO SO NOW) BUT PLAINTIFF DID FILE A GRIEVANCE ARGUING THAT HE -PLAINTIFF- HAD ASKED TO BE MOVED INTO A DIFFERENT CELL DUE TO "STRIFE" BETWEEN PLAINTIFF AND HIS CELLMATE. DURING THE FIGHT, PLAINTIFFS HAND AND RIBS WERE INJURED AND PLAINTIFF WAS HOSPITALIZED DUE TO HIS INJURIES.

JOLIET HOSPITAL - WHERE PLAINTIFF WAS TAKEN - CONDUCTED A THOROUGH EXAMINATION OF PLAINTIFF INCLUDING X-RAYS AND AN M.R.I. PLAINTIFF WAS ISSUED PRESCRIPTION MEDICATIONS AND RETURNED TO STATEVILLE.

STATEVILLE, WITHOUT CONDUCTING ANY EXAMINATION OF PLAINTIFF, REFUSED TO PROVIDE PLAINTIFF WITH THE PRESCRIBED MEDICATION.

"ACTING SERGEANT" KOVACH AND B-HOUSE STAFF REFUSED TO MOVE PLAINTIFF. STATEVILLE HEALTH CARE UNIT DOCTOR DENIED PLAINTIFF MEDICATION, WHICH CAUSED UNNECESSARY PAIN AND SUFFERING. COUNSELOR K. WHITINGTON, GRIEVANCE OFFICER TAMMI GARCIA, WARDEN TERRY McCANN, MELODY J. FORD AND DIRECTOR ROGER WALKER JR. ALL DENIED MY APPEALS WITHOUT MAKING AN INDEPENDANT ASSESMENT OF THE INFORMATION AND EVIDENCE. ALL ARE THEREFORE RESPONSIBLE.

20

PLAINTIFF SERVED THIRTY DAYS IN SECREGATION FOR FIGHTING AND WAS RELEASED ON FRIDAY SEPTEMBER 7, 2007. STANDARD PROCEDURE WOULD HAVE BEEN FOR PLAINTIFF TO BE TAKEN TO THE PERSONAL PROPERTY ROOM TO RETRIEVE ALL PERSONAL PROPERTY NOT PERMITTED IN SECREGATION AND TO BE TAKEN TO THE CLOTHING ROOM TO BE ISSUED "BLUES" WHICH GENERAL POPULATION INMATES **MUST** WEAR WHEN LEAVING THEIR CELL.

LIETENANT BRUZINSKI — WITHOUT CAUSE OR JUSTIFICATION — REFUSED TO ALLOW PLAINTIFF TO BE TAKEN TO OBTAIN EITHER HIS PROPERTY OR THE REQUIRED DEPARTMENT CLOTHING.

ON MONDAY, SEPTEMBER 10TH, PLAINTIFF WAS TAKEN TO GET CLOTHING AND HIS PERSONAL PROPERTY.

PLAINTIFF WAS NOT ALLOWED TO OBTAIN HIS T.V. WHICH HE WAS NOT ON RESTRICTION FOR. PLAINTIFF MADE NUMEROUS, **PEACEFUL**, COMPLAINTS ABOUT BEING DENIED HIS T.V., WHILE OTHER EQUALY SITUATED INMATES WERE **NOT** DENIED THEIR T.V.'S. ON WEDNSDAY SEPTEMBER 12TH, LIETENANT BRUZINSKI CAME TO PLAINTIFFS CELL AND ORDERED PLAINTIFF TO "CUFF UP".

PLAINTIFF COMPLIED AND WAS INFORMED BY THE LIEUTENANT THAT HE — PLAINTIFF — WAS BEING RETURNED TO SEGREGATION STATUS.

21

PLAINTIFF REFUSED TO DRESS IN A SEGREGATION 'JUMP SUIT' AND THE 'S.O.R.T.' TEAM WAS CALLED TO PERFORM A 'CELL EXTRACTION'.

PLAINTIFF WAS ISSUED TWO DISCIPLINARY REPORTS. ONE BY LIETENANT BRUZINSKI ACCUSING THE PLAINTIFF OF DAMAGING/DESTROYING **"EVERY WINDOW"** IN CELL F-432. AND A SECOND DISCIPLINARY REPORT BY THE S.O.R.T. TEAM COMMANDER FOR ASSAULT AND DISOBEYING A DIRECT ORDER.

PLAINTIFF PROVIDED THE ADJUSTMENT COMMITTEE WITH A WRITTEN STATEMENT AND REQUESTED HIS CELLMATE BE INTERVIEWED AND THE S.O.R.T. TEAM VIDEO BE VIEWED TO PROVE HIS INNOCENSE. PLAINTIFF ALSO REQUESTED THE ADJUSTMENT COMMITTEE MAKE A VISUAL INSPECTION OF CELL F-432 WHICH WOULD PROVE THAT **"EVERY WINDOW"** WAS NOT BROKEN. PLAINTIFFS GRIEVANCE AND APPEALS WERE DENIED AND HE WAS SENTENCED TO FIFTEEN MONTHS IN SEGREGATION, FIFTEEN MONTHS LOSS OF GOOD TIME AND ORDERED TO PAY NEARLY #2,000 -FOR DAMAGES THAT NEVER OCCURRED. (PLAINTIFF WAS TRANFERRED TO THE PONTIAC CORRECTIONAL CENTER SEGREGATION UNIT AFTER GOING ON A HUNGER STRIKE AND REQUESTING AN INVESTIGATION INTO THE CONDUCT OF LT. BRUZINSKI AND THE S.O.R.T. TEAM).

22.

DARRYL M EDWARDS AND CHRISTOPHER CANNON, OF THE ADJUSTMENT COMMITTEE, BOTH FAILED TO CONSIDER AND/OR VIEW EVIDENCE I MADE THEM AWARE OF WHICH WOULD PROVE MY INNOCENCE.

JUDE EVANS, OF THE INTERNAL INVESTIGATORS OFFICE, FAILED TO INSPECT/VIEW CELL F-432 AFTER INTERVIEWING ME AND BEING MADE AWARE THAT THE WINDOWS WERE NOT BROKEN.

TERRY ANDERSON RESPONDED TO A LETTER I WROTE THE GOVERNOR ASKING FOR AN INVESTIGATION INTO THE MATTER BUT FAILED TO INVESTIGATE.

JACKIE MILLER, OF THE ADMINISTRATIVE REVIEW BOARD, DENIED MY GRIEVANCE AND DIRECTOR ROGER WALKER JR CONCURRED. ALL OF THESE INDIVIDUALS FAILED TO MAKE AN INDEPENDENT EXAMINATION OF THE EVIDENCE I PRESENTED AND ALL ARE RESPONSIBLE FOR MY BEING UNLAWFULLY HELD IN SEGREGATION.

(PLAINTIFF ASKS THIS COURT TO ENTER AN ORDER DIRECTING STATEVILLE TO VIDEO TAPE AND/OR PHOTOGRAPH CELL F-432 TO PRESERVE EVIDENCE WHICH WILL SHOW PLAINTIFF IS INNOCENT AND WILL AID THE COURT IN MAKING A JUST RULING)

23

PLAINTIFF BELIEVES GOVERNOR ROD DLAGOJEVICH IS ALSO RESPONSIBLE FOR THE ABUSE SUFFERED BY PLAINTIFF BECAUSE THE GOVERNOR IS MADE AWARE OF CONDITIONS AT STATEVILLE CORRECTIONAL CENTER THROUGH ANNUAL REPORTS. THE GOVERNOR IS REQUIRED, BY LAW, TO MAKE VISITS TO THE INSTITUTION TO MAKE VISUAL INSPECTION OF THE CONDITIONS OF THE PRISON AND FAILURE TO DO SO HAS RESULTED IN THE DEPLORABLE CONDITIONS WHICH PLAINTIFF WAS SUBJECTED TO. IN FACT, CONDITIONS AT STATEVILLE HAVE BEEN PRESENTED TO THE GOVERNOR AS CAUSE FOR CLOSING DOWN THE FACILITY, WHICH THE GOVERNOR HAS NOT DONE.

THREE OTHER HOUSING UNITS AT STATEVILLE HAVE BEEN CLOSED DOWN DUE TO THE DEPLORABLE CONDITIONS.

THE REMAINING THREE UNITS ARE ALSO IN A STATE UNSUITABLE FOR LIVING, YET THE GOVERNOR KEEPS THE FACILITIES OPEN, KNOWING OF THE DANGEROUS, UNSANITARY, INHUMANE CONDITIONS.

24

RELIEF:

V.   PLAINTIFF ASKS THIS COURT TO APPOINT HIM AN
ATTORNEY TO ASSIST PLAINTIFF IN RECIEVING REASON-
ABLE COMPENSATION ($50,000 MINIMUM) FOR THE
VIOLATIONS SUFFERRED AT THE HANDS OF THE DEFENDANTS.

VI.   PLAINTIFF DEMANDS THAT THE CASE BE TRIED BY
A JURY.

CERTIFICATION

BY SIGNING THIS COMPLAINT, I CERTIFY THAT
THE FACTS STATED IN THIS COMPLAINT ARE TRUE TO
THE BEST OF MY KNOWLEGDE, INFORMATION AND BELIEF.
I UNDERSTAND THAT IF THIS CERTIFICATION IS NOT CORRECT,
I MAY BE SUBJECT TO SANCTIONS BY THE COURT.
SINGED THIS 25TH DAY OF MARCH 2003

PEDRO DIAZ
* B46669
P.O. BOX 99
PONTIAC, IL 61764

25