# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 606 | **DATE** | 5/14/2008 |
| **CASE TITLE** | Pedro Diaz (B-46669) v. Rod Blagojevich | | |

**DOCKET ENTRY TEXT:**

Plaintiff Pedro Diaz's amended complaint may proceed forward with respect to his claim that the conditions of his cell when initially placed in segregation in March of 2006 were inhumane. The clerk shall issue summonses for service of the amended complaint [8] by the United States Marshal on defendants John Schneider, Lt. Ross, and Officers Lara, Cartwright, and Quintera. The other claims and defendants are dismissed without prejudice. The clerk shall forward to plaintiff a consent to magistrate judge form and instructions for filing documents in this court.

■ **[For further details see text below.]**   Docketing to mail notices.

## STATEMENT

Plaintiff Pedro Diaz, currently incarcerated at Pontiac Correctional Center, has filed an amended complaint as directed by the Court's March 13, 2008 order. However, preliminary review of the amended complaint reveals that it cannot proceed forward with all of its claims or against all of the named defendants. Plaintiff names 37 defendants and alleges numerous claims. A plaintiff may not assert unrelated claims against different defendants. "Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (plaintiff alleged 50 unrelated claims against 27 defendants).

The Court's review of the amended complaint indicates that plaintiff is asserting six to seven sets of claims against different defendants. Plaintiff asserts the following: he was forced to endure inhumane conditions in a cell for six days when he was first placed in segregation (broken toilet full of feces and urine, no personal hygiene items); he was not allowed to present a full defense at a disciplinary hearing which resulted in 90 days of segregation; although plaintiff was not returned to the same cell for the duration of his disciplinary penalty, the conditions in the segregation unit were inhumane; he did not receive medical attention following a slip and fall down stairs while handcuffed and returning from the shower area; one recreation area did not have bathroom facilities; plaintiff was not provided water during recreation in the "small yard;" when he received visitors following his release from segregation, he was not provided an area to wash his hands after a strip searches where he was forced to touch his genitals and buttocks; plaintiff was again placed in segregation in August 2007 for fighting, but plaintiff was innocent of such a charge; plaintiff was wrongly disciplined for breaking every window in his cell; plaintiff's grievances were ignored.

**(CONTINUED)**

isk

**STATEMENT  (continued)**

  Although some of the defendants are associated with several of plaintiff's claims, any overlap is too minor to allow plaintiff to proceed forward with all of his claims against all of the named defendants.  *See George*, 507 F.3d at 607.  Having already advised plaintiff to submit an amended complaint asserting only related claims, the Court does not again invite plaintiff to submit another complaint.  Rather, with respect to the instant suit, the Court allows plaintiff to proceed with his first claim – in March of 2006, he was placed in a cell in segregation for six days with a broken toilet full of feces and urine and no personal hygiene items.  The amended complaint indicates that the following defendants are named for this claim: John Schneider, Lt. Ross, and Officers Lara, Cartwright, and Quintera.  The amended complaint may thus proceed forward with this claim against these defendants.  The other claims and other defendants are dismissed without prejudice to plaintiff raising the claims in separate complaints.  Again, the Court advises that, if plaintiff seeks to submit additional complaints to raise his remaining claims, each complaint should assert only related claims.

  Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent.  Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed.  In addition, plaintiff must send an exact copy of any court filing to defendants, or to defendants counsel if an attorney enters an appearance on their behalf.  Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing.  Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.