**RECEIVED**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

APR 10 2008
APr 10 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

PEDRO DIAZ (B46669)

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

ROD BLAGOJEVICH

ROGER WALKER JR.

DIEDRE BATTAGLIA

TERRY McCANN

MAURICE LAKE

LIETENANT ROSS
(Enter above the full name of ALL
defendants in this action. **Do not**
**use "et al."**)

GEORGE M. MAROVICH
JUDGE PRESIDING

NAN NOLAN
MAGISTRATE JUDGE

Case No: 08-C-606
(To be supplied by the Clerk of this Court)

MELODY J. FORD

"FRONT END LIETENANT"

C/O TURNER

"VISITING ROOM SERGANT

AMI WORKMAN

**CHECK ONE ONLY:**        **AMENDED COMPLAINT**

X        **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
         U.S. Code (state, county, or municipal defendants)

_____        **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
               **28 SECTION 1331 U.S. Code (federal defendants)**

_____        **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR*
*FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

DEFENDANTS

TAMMI GARCIA

REVITA GLENN

JOHN P. SCHNIDER

YRHNEST PARKER

MARSHALL HILL

CLEO JOHNSON

B. BARNES

C/O QUINTERO

C/O LARA

JACKIE MILLER

JUDE EVANS

JAMES BURZINSKI

LEE R. BANKS JR

C/O MINDI S PIERCE

DARYL JOHNSON

C/O KOVACH

HEALTH CARE UNIT STAFF

F-HOUSE STAFF

C/O STIGLER

L. DENNIS

JERRY BALDWIN

SGT. BERKLEY

LT. MIER

C/O CARTWRIGHT

ED BUTKIEWIEZ

S.O.R.T. TEAMS C/O'S

DARRYL M. EDWARDS

CHRISTOPHER CANNON

K. WHITINGTON

TERRI ANDERSON

**I.    Plaintiff(s):**

A.    Name: PEDRO DIAZ

B.    List all aliases: _____

C.    Prisoner identification number: B46669

D.    Place of present confinement: PONTIAC C.C.

E.    Address: P.O. BOX 99 PONTIAC, IL. 61764

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

**II.    Defendant(s):**
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank.  Space for two additional defendants is provided in **B** and **C**.)

A.    Defendant: ROD BLAGOJEVICH

Title: GOVERNOR

Place of Employment: STATE OF ILLINOIS

B.    Defendant: ROGER WALKER JR.

Title: DIRECTOR - ILLINOIS DEPARTMENT OF CORRECTIONS

Place of Employment: I. D. O. C.

C.    Defendant: DIEDRE BATTAGLIA

Title: WARDEN

Place of Employment: STATEVILLE C.C.

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2 (a)                                          Revised 9/2007

DEFENDANT(S)

D. DEFENDANT: TERRY McCANN

   TITLE: WARDEN

   PLACE OF EMPLOYMENT: STATEVILLE C.C.


E. DEFENDANT: MAURICE LAKE

   TITLE: MAJOR

   PLACE OF EMPLOYMENT: STATEVILLE C.C.


F. DEFENDANT: ROSS

   TITLE: LIEUTENANT

   PLACE OF EMPLOYMENT: STATEVILLE C.C.


G. DEFENDANT:

   TITLE: "FRONT END LIEUTENANT"

   PLACE OF EMPLOYMENT: STATEVILLE C.C.


H. DEFENDANT: MIER

   TITLE: LIEUTENANT

   PLACE OF EMPLOYMENT: STATEVILLE C.C.


I. DEFENDANT: MELODY J. FORD

   TITLE:

   PLACE OF EMPLOYMENT: I.D.O.C.


2 (b)

DEFENDANT(S)

J.  DEFENDANT: ███████ ████ ██████████ "VISITING ROOM SERGEANT"

TITLE: SERGEANT

PLACE OF EMPLOYMENT: STATEVILLE C.C.

K.  DEFENDANT: HEALTH CARE UNIT STAFF

TITLE: DR.

PLACE OF EMPLOYMENT: STATEVILLE C.C.

L.  DEFENDANT: TURNER

TITLE: CORRECTIONAL OFFICER (INTERNA INVESTIGATOR)

PLACE OF EMPLOYMENT: STATEVILLE C.C.

M.  DEFENDANT: BERKLEY

TITLE: SERGEANT

PLACE OF EMPLOYMENT: STATEVILLE C.C.

N.  DEFENDANT: TAMMY GARCIA

TITLE: GRIEVANCE OFFICER

PLACE OF EMPLOYMENT: STATEVILLE C.C.

O.  DEFENDANT: AMI WORKMAN

TITLE: GRIEVANCE OFFICER

PLACE OF EMPLOYMENT: STATEVILLE C.C.

2 (c)

DEFENDANT (S)

P. DEFENDANT: RENITA GLEN
   TITLE: GRIEVANCE OFFICER
   PLACE OF EMPLOYMENT: STATEVILLE C.C.

Q. DEFENDANT: JOHN P. SCHNIDER
   TITLE: CORRECTIONAL OFFICER
   PLACE OF EMPLOYMENT: STATEVILLE C.C.

R. DEFENDANT: YRHNEST PARKER
   TITLE: CORRECTIONAL OFFICER
   PLACE OF EMPLOYMENT: STATEVILLE C.C.

S. DEFENDANT: QUINTERO
   TITLE: CORRECTIONAL OFFICER
   PLACE OF EMPLOYMENT: STATEVILLE

T. DEFENDANT: LARA
   TITLE: CORRECTIONAL OFFICER
   PLACE OF EMPLOYMENT: STATEVILLE C.C.

U. DEFENDANT: CARTWRIGHT
   TITLE: CORRECTIONAL OFFICER
   PLACE OF EMPLOYMENT: STATEVILLE C.C.

DEFENDANT (S)

V.  DEFENDANT: L  DENNIS
    TITLE: COUNSELOR
    PLACE OF EMPLOYMENT: STATEVILLE C.C.


W.  DEFENDANT: JERRY BALDWIN
    TITLE: COUNSELOR
    PLACE OF EMPLOYMENT: STATEVILLE C.C.


X.  DEFENDANT: B  BARNES
    TITLE: COUNSELOR
    PLACE OF EMPLOYMENT: STATEVILLE C.C.


Y.  DEFENDANT: STIGLER
    TITLE: CORRECTIONAL OFFICER
    PLACE OF EMPLOYMENT: STATEVILLE C.C.


Z.  DEFENDANT: MARSHAL HILL
    TITLE: ADJUSTMENT COMMITTEE HEARING OFFICER
    PLACE OF EMPLOYMENT: STATEVILLE C.C.


AA.  DEFENDANT: CLEO JOHNSON
     TITLE: ADJUSTMENT COMMITTEE HEARING OFFICER
     PLACE OF EMPLOYMENT: STATEVILLE C.C.

2(e)

DEFENDANT (S)

BB. DEFENDANT: JACKIE MILLER
TITLE: ADMINISTRATIVE REVIEW BOARD CHAIRPERSON
PLACE OF EMPLOYMENT I. D. O. C.

CC. DEFENDANT: JUDE EVANS
TITLE: INTERNAL INVESTIGATOR
PLACE OF EMPLOYMENT: STATEVILLE C.C.

DD. DEFENDANT: S. O. R. T. TEAM MEMBERS
TITLE: CORRECTIONAL OFFICERS
PLACE OF EMPLOYMENT: STATEVILLE C.C.

EE. DEFENDANT: DARRYL M. EDWARDS
TITLE: ADJUSTMENT COMMITTEE MEMBER
PLACE OF EMPLOYMENT: STATEVILLE C.C.

FF. DEFENDANT: CHRISTOPHER CANNON
TITLE: ADJUSTMENT COMMITTEE MEMBER
PLACE OF EMPLOYMENT: STATEVILLE C.C.

GG. DEFENDANT: LEE R. BAUKS JR.
TITLE: S. O. R. T. TEAM COMMANDER
PLACE OF EMPLOYMENT: STATEVILLE C.C.

2(F)

DEFENDANT (S)

HH. DEFENDANT: ED. BUTKIEWIEZ

TITLE: COUNSELOR

PLACE OF EMPLOYMENT: STATEVILLE C.C.


II. DEFENDANT: JAMES BURZINSKI

TITLE: LIEUTENANT

PLACE OF EMPLOYMENT: STATEVILLE


JJ. DEFENDANT: F-HOUSE STAFF

TITLE: CORRECTIONAL OFFICERS

PLACE OF EMPLOYMENT: STATEVILLE


KK. DEFENDANT: MINDI S. PIERCE

TITLE: CORRECTIONAL OFFICER

PLACE OF EMPLOYMENT: STATEVILLE C.C.


LL. DEFENDANT: C/O        KOVACH

TITLE: CORRECTIONAL OFFICER

PLACE OF EMPLOYMENT: STATEVILLE C.C.


MM. DEFENDANT: K.        WHITINGTON

TITLE: COUNSELOR

PLACE OF EMPLOYMENT: STATEVILLE C.C.

2 (a)

**III.**   **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

**A.**   Name of case and docket number: _PEDRO DIAZ V DAVID ROSARIO_
_02 CV 05651_

**B.**   Approximate date of filing lawsuit: _8-20-02_

**C.**   List all plaintiffs (if you had co-plaintiffs), including any aliases: _____

_____

_____

_____

**D.**   List all defendants: _LT DAVID RASARIO, C/O KENDRICK PULLAMS,_
_C/O SHERMAN CARTER, SGT. W. CROOKS_

_____

_____

**E.**   Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _U.S DISTRICT COURT NORTHERN DISTRICT EAST. DIV._

**F.**   Name of judge to whom case was assigned: _GEORGE M. MAROVICH_

**G.**   Basic claim made: _BRUTALITY, EXCESIVE FORCE_

_____

_____

**H.**   Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _OUT-OF-COURT SETTLEMENT (2,000)_

_____

_____

**I.**   Approximate date of disposition: _MAY 2005_

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

3 (a)

Revised 9/2007

ADDITIONAL LAWSUITS

A. NAME OF CASE AND DOCKET NUMBER: PEDRO DIAZ V STATE OF ILLINOIS

B. APPROXIMATE DATE OF FILING: NOVEMBER 2004

C. LIST ALL PLAINTIFFS: NO CO-PLAINTIFFS

D. LIST ALL DEFENDANTS: STATE OF ILLINOIS, ILLINOIS DEPARTMENT OF CORRECTIONS

E. COURT IN WHICH LAWSUIT WAS FILED: ILLINOIS COURT OF CLAIMS

F. NAME OF JUDGE: UNKNOWN AT THIS TIME

G. BASIC CLAIM MADE: LOSS OF PROPERTY

H. DISPOSITION OF CASE: OUT-OF-COURT SETTLEMENT (20.00)

I. DATE OF DISPOSITION: JULY 2005

3/(b)

IV.    **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

ON MARCH 11, 2006, PLAINTIFF WAS ACCUSED OF ASSAULTING A GUARD (JOHN P. SCHNIDER) AT STATEVILLE CORRECTIONAL CENTER AND WAS TAKEN TO THE DISCIPLINARY SEGREGATION UNIT. THE RETALIATION, INTIMIDATION AND HARRASMENT AGAINST PLAINTIFF BEGAN IMMIDIATELY. PRIOR TO BEING ADMITTED INTO THE SEGREGATION UNIT, PLAINTIFF WAS FORCED TO SUBMIT TO A DRUG TEST BY LIEUTENANT ROSS. (A POSITIVE TEST OR REFUSING TO SUBMIT TO TESTING RESULTS IN A SIX MONTH SEGREGATION SENTENCE) TWO INMATES WHO WERE BEING ADMITTED INTO SEGREGATION, AT THE SAME TIME, AND WERE BOTH CHARGED WITH POSSESION OF DRUGS OR DRUG PARAPHARNILIA, WERE **NOT** FORCED TO SUBMIT TO DRUG TESTING, AND WERE PROMPTLY ASSIGNED A CELL, WHEREAS, PLAINTIFF WAS FORCED TO REMAIN IN A SMALL 'HOLDING CELL' FOR TWO HOURS. WHEN DEFENDANT WAS FINALY ASSIGNED A CELL, PLAINTIFF WAS PLACED IN A CELL WHICH HAD A BROKEN TOILET AND THE BOWL WAS FILLED WITH URINE AND FECES. THE HOT WATER

Revised 9/2007

DID NOT WORK AND THE ENTIRE CELL WAS FILTHY AND ROACH INFESTED. PLAINTIFF WAS FORCED TO SPEND TWENTY-FOUR HOURS A DAY IN THIS CELL (F-231) AND EVEN HAD TO EAT WITH THE STENCH OF HUMAN WASTE ABOUT. PLAINTIFF SUFFERED THESE CONDITIONS FOR SIX DAYS, DESPITE NUMEROUS REQUEST TO BE MOVED AND ALLOWED TO USE A WORKING, SANITARY BATHROOM. WHEN PLAINTIFFS PROPERTY WAS DELIVERED TO HIM ON MARCH 17, 06, THE GUARDS WORKING IN F-HOUSE (SEGREGATION) DID NOT ALLOW PLAINTIFF TO PUT HIS PROPERTY IN HIS CELL UNTIL MARCH 18, 2006. UNTIL THEN, PLAINTIFF HAD NO SOAP, TOOTHBRUSH OR OTHER BASIC HYGINE ITEMS. WHEN PLAINTIFF WAS FINALY GIVEN HIS PROPERTY BOXES, HE DISCOVERED THAT HIS TYPEWRITER AND HEADPHONES WERE BROKEN. GUARD JOHN P. SCHNIDER SENT ME TO SEGREGATION UNDER FALSE PRETENSES AND LIEUTENANT ROSS, GUARDS LARA, CARTWRIGHT AND QUINTERO THEN BEGAN TO HARRASS, INTIMIDATE AND RETALIATE AGAINST ME AND ARE THEREFORE ALL FIVE RESPONSIBLE FOR ME BEING PLACED IN THE CELL UNDER INHUMANE CONDITIONS. LARA, CARTWRIGH AND QUINTERO WERE

Revised 9/2007

THE GUARDS WHO PLACED ME IN THE CELL, SERGEANT BERKLEY AND LIETENANT MEIR WERE THE ONES IN CHARGE OF F-HOUSE, AND CELL PLACEMENT. WHEN I FILED A GRIEVANCE ABOUT MY INHUMANE TREATMENT, LIEUTENANT ROSS CAME TO MY CELL IN IN SEGREGATION AND THREATENED ME FOR FILING THE GRIEVANCE AGAINST HIM. AN INVESTIGATOR FROM THE INTERNAL INVESTIGATION DEPARTMENT (TURNER) INTERVIEWED ME AND TOLD ME HE (TURNER) KNEW LIEUTENANT ROSS AND THAT LIEUTENANT ROSS WAS PROBABABLY JUST TRYING TO INTIMIDATE ME AND WOULD PROBABLY NOT DO ANYTHING.

COUNSELOR JERRY BALDWIN, GRIEVANCE OFFICER TAMMY GARCIA, ADMINISTRATIVE REVIEW BOARD MEMBER MELODY J. FORD AND DIRECTOR ROGER WALKER JR. ALL FACILITATED THE INHUMANE TREATMENT AND THREATS AND RETALIATION BY TURNING A BLIND EYE TO THEM WHEN I FILED MY GRIEVANCES AND FAILING TO MAKE AN INDEPENDANT ASSESMENT OF THE EVIDENCE IN MY GRIEVANCES BEFORE DENYING ME THE RELIEF SOUGHT IN THE GRIEVANCES.


WHEN PLAINTIFF APPEARED BEFORE THE ADJUSTMENT COMMITTEE ON THE CHARGE OF ASSAULTING ANY PERSON, THE DISCIPLINARY REPORT, PREPARED BY GUARD SCHNIDER - AND ONLY THAT REPORT - WAS READ TO THE PLAINTIFF. PLAINTIFF TRIED TO EXPLAIN THAT THE CONTACT BETWEEN PLAINTIFF AND THE GUARD

WAS INCIDENTAL AND ONLY OCCURRED BECAUSE THE GUARD WAS DELIBERATELY BLOCKING THE ONLY DOORWAY PLAINTIFF COULD PASS THROUGH. PLAINTIFF ASKED THE ADJUSMENT COMMITTEE MEMBERS (MARSHALL HILL AND CLEO JOHNSON) TO VIEW THE SECURITY VIDEO FROM THE DINING AREA WHERE THE ALLEGED INCIDENT OCCURRED, TO PROVE HIS INNOCENCE. (THE VIDEO WAS NEVER VIEWED)

  BEFORE PLAINTIFF COULD COMPLETE SPEAKING IN HIS DEFENSE, PLAINTIFF WAS ASKED TO LEAVE THE HEARING ROOM. AFTER PLAINTIFF WAS GIVEN NOTICE THAT HE HAD BEEN FOUND GUILTY OF ASSAULT, PLAINTIFF DISCOVERED THAT A SECOND GUARD (YRHNEST PARKER) FILED A "WITNESS" REPORT WHICH GAVE AN ENTIRELY DIFFERANT ACCOUNT OF THE ALLEGED INCIDENT. PLAINTIFF FILED A GRIEVANCE APPEALING THE ADJUSTMENT COMMITTEES FINDING OF GUILT AND RAISED THE ISSUE OF DUE PROCESS VIOLATION FOR NOT BEING PERMITTED TO GIVE A DEFENSE AND NOT BEING INFORMED OF THE "WITNESS" STATEMENT.

  JOHN SCHNIDER AND YRHNEST PARKER FILED FALSE REPORTS AGAINST ME. MARSHALL HILL AND CLEO JOHNSON DENYED ME DUE PROCESS AT MY HEARING. COUNSELOR JERRY BALDWIN GRIEVANCE OFFICER AMY ~~ORIO~~ WORKMAN, WARDEN DIEDRE BATTAGLIA, ADMINISTRATIVE REVIEW BOARD MEMBER MELODY J. FORD AND I.D.O.C. DIRECTOR ROGER WALKER JR ALL FAILED TO MAKE AN INDEPENDANT ASSESMENT OF EVIDENCE AND

ALL DENIED MY GRIEVANCE AND APPEALS AND FAILED TO ENSURE THAT I WAS AFFORDED MY RIGHTS TO DUE PROCESS AND BY FAILING TO DO SO, FACILITATED IN THE ABUSE AND TURNED A BLIND EYE TO THE ABUSE. PLAINTIFF WAS FORCED TO SERVE A NINETY-DAY TERM IN SEGREGATION UNDER MORE RESTRICTIVE AND HARSH CONDITIONS THAN WOULD BE ENDURED IN GENERAL POPULATION, SUCH AS NOT BEING ALLOWED TO LEAVE HIS CELL FOR MEALS, NOT BEING ALLOWED TO ATTEND RELIGIOUS SERVICES OR OTHER SPECIAL SERVICES, NOT BEING ALLOWED TO RECIEVE CONTACT VISITS, ~~AND~~ BEING FORCED TO WEAR HANDCUFFS, SHACKLES AND/OR 'WAIST CHAINS' WHENEVER LEAVING HIS CELL, AND BEING DENIED ADDIO/VISUAL EQUIPMENT AS WELL AS OTHER PERSONAL PROPERTY. ALL FAILED TO MAKE AN INDEPENDANT ASSESMENT OF THE EVIDENCE BEFORE DENYING MY GRIEVANCE.

WHILE SERVING THE NINETY DAY SENTENCE IN THE SEGREGATION UNIT (F-HOUSE) PLAINTIFF FILED SEVERAL GRIEVANCE REGARDING INHUMANE, UNHEALTHY, UNSANITARY AND/OR DANGEROUS CONDITIONS IN F-HOUSE.

ONE GRIEVANCE COMPLAINED OF THE RECREATION AREA (YARD) FOR F-HOUSE INMATES.

B

APPROXIMATELY TEN TO FIFTEEN INMATES ARE PLACED IN A YARD THAT MEASURES APPROX- IMATELY TWENTY BY THIRTY FEET. THE INMATES ARE PERMITTED ONE FIVE-HOUR YARD PERIOD EACH WEEK.

THERE ARE NO BATHROOM FACILITIES AND INMATES ARE FORCED TO URINATE AND DEFICATE ON THE VERY YARD THEY SPEND THEIR ENTIRE YARD TIME ON. THERE IS ALSO NO WATER PROVIDED EXCEPT *SEASONALY, WHEN AVAILABLE*

INMATES, LIKE MYSELF, WHO DO NOT PLAY BASKETBALL, ARE FORCED TO STAND AGAINST THE FENCE OR RISK AN ALTERCATION WITH THE OTHER INMATES WHO DO PLAY BASKETBALL. IN NO WAY DO THESE CONDITIONS MEET, EVEN THE MINIMUM STANDARDS, OF LAWFULLY MANDATED RECREATION TIME OR AREA. LIETENANT BUTCHKOWSKI WAS THE LIEUTENANT IN CHARGE OF F-HOUSE.

LIEUTENANT BUTCHKOWSKI, COUNSELOR B. BARNES, GRIEVANCE OFFICER TAMMY GARCIA, WARDEN TERRY McCANN, A.R.B. MEMBER MELODY J FORD AND DIRECTOR ROGER WALKER JR. WERE ALL MADE AWARE OF THE INHUMANE CONDITIONS AND DID NOT MAKE CORRECTIONS TO RECTIFY THESE CONDITIONS AND INSTEAD FACILITATED THE

9

INHUMANE TREATMENT BY TURNING A BLIND EYE TO IT.

THE COUNSELOR, GRIEVANCE OFFICER AND WARDEN, AS WELL AS THE LIEUTENANT, HAVE ALL MADE FIRST HAND OBSERVATIONS OF THE LACK OF RESTROOMS AND DRINKING WATER. ALL ARE THEREFORE RESPONSIBLE FOR THE ABUSE, BECAUSE, AS IN THE OTHER INSTANCES COMPLAINED OF IN THIS COMPLAINT, REVIEWING AUTHORITIES FAILED TO MAKE AN INDEPENDANT ASSESMENT OF THE INFORMATION AND/OR EVIDENCE AND TAKE THE NECCESSARY STEPS TO CORRECT THESE MATTERS.

PLAINTIFF ALSO FILED A GRIEVANCE COMPLAINING OF UNSANITARY CONDITIONS AND THE STAFFS FAILURE TO PROVIDE CLEANING SUPPLIES

WHILE IN SEGREGATION, PLAINTIFF HAD MORE THAN A HALF-DOZEN DIFFERANT CELLMATES AND NOT ONCE, DESPITE NUMEROUS REQUESTS, DID PLAINTIFF RECIEVE ANY CLEANING SUPPLIES.

PLAINTIFF WAS TOLD THAT CLEANING SUPPLIES ARE VERY LIMITED AND THE "**ONLY**" ITEM BEING PROVIDED FOR AN INMATES CELL IS TRU-KLENZ, WHICH PLAINTIFF NEVER RECIEVED.

PLAINTIFF ALSO FILED A GRIEVANCE ABOUT BROKEN WINDOWS IN HIS CELL WHICH ALLOWED FREEZING WINDS TO BLOW THROUGH THE CELL. BECAUSE SEGREGATION INMATES ONLY ARE PERMITTED ONE SHOWER PER WEEK, PLAINTIFF WAS FORCED TO BATHE IN THE SINK LOCATED IN HIS CELL WHICH IS TWO FEET AWAY FROM THE WINDOW. PLAINTIFF MADE NUMEROUS REQUESTS TO BE MOVED INTO A CELL WHERE THE WINDOWS WERE NOT BROKEN BUT WAS TOLD THERE WERE NONE AVAILABLE.

PLAINTIFF BELIEVES THE F-HOUSE STAFFS REFUSAL TO PROVIDE CLEANING SUPPLIES AND A CELL WITH A WINDOW WHICH WAS NOT BROKEN WERE THE CAUSE OF HIS ALMOST CONSTANT ILLNESS IN SEGREGATION.

LIEUTENANT BUTCHROWSKI WAS IN CHARGE OF THE SEGREGATION UNIT, COUNSELOR JERRY BALDWIN, GRIEVANCE OFFICER TAMMY GARCIA AND WARDENS DEIDRE BATTAGLIA, AND TERRY McCANN ALL HAD FIRST HAND KNOWLEDGE OF THE CONDITIONS IN SEGREGATION BECAUSE THEY VIEWED THE CONDITIONS WHEN THEY 'VISITED' F-HOUSE, THEREFORE ALL ARE RESPONSIBLE FOR FAILING TO CORRECT THE CONDITIONS AND INSTEAD TURNING A BLIND EYE TO THE CONDITIONS. A.R.B. MEMBER MELODY J. FORD AND I.D.O.C. DIRECTOR ROGER WALKER JR. FAILED TO MAKE AN INDEPENDANT ASSESMENT OF THE INFORMATION AND EVIDENCE WHICH WAS CLEARLY DESCRIBED IN

11

PLAINTIFFS GRIEVANCE. ALL ARE THEREFORE RESPONSIBLE BY TURNING A BLIND EYE TO THE CONDITIONS AND THEREBY FACILITATENG THE ABUSE SUFFERED BY PLAINTIFF.

ALSO WHILE SERVING THE NINETY-DAY SEGREGATION SENTENCE, PLAINTIFF FELL DOWN A FLIGHT OF STAIRS WHILE RETURNING TO HIS CELL AFTER SHOWERING. AT THE TIME OF THE FALL, PLAINTIFFS HANDS WERE CUFFED BEHIND HIS BACK AND HE WAS UNABLE TO PROTECT HIMSELF AND SUFFERED INJURIES TO HIS HEAD, SHOULDERS, FOREARMS, BACK AND WRISTS. OFFICER QUINTERO WITNESSED THE PLAINTIFF FALL BUT REFUSED TO CALL MEDICAL PERSONAL TO EXAMINE THE PLAINTIFF.

FOR FOUR HOURS PLAINTIFF REQUESTED MEDICAL TREATMENT FROM OFFICER QUINTERO, OFFICER LARA, AND OFFICER CARTWRIGHT. AS WELL AS SERGEANT BERKLEY AND LIEUTENANT MIER.

ONLY AFTER SUFFERING FOR FOUR HOURS AND MAKING NUMEROUS REQUEST TO THE ABOVE NAMED STAFF, WAS PLAINTIFF FINALY

12

TAKEN TO SEE THE "MED-TECH."

AFTER EXAMING PLAINTIFFS INJURIES, THE MED-TECH RECOMMENDED THAT THE PLAINTIFF BE SEEN BY THE DOCTOR.

THE NEXT DAY, PLAINTIFF WAS TAKEN TO SEE THE DOCTOR BUT WAS TOLD THAT, DUE TO A MEDICAL EMERGENCY INVOLVING A "LEVEL E" INMATE WHO HAD BEEN VOMITING FOR FOUR DAYS, THE DOCTOR DID NOT HAVE MUCH TIME.

I WAS FORCED TO REMAIN IN A "WAIST-CHAIN" AND SHACKLED THROUGHT THE "EXAM" WHICH TOOK ABOUT ONE MINUTE.

THE RESTRAINTS PREVENTED THE DOCTOR FROM VIEWING OR EXAMING MY SHOULDERS, BACK AND WRISTS – ALL WHICH WERE CAUSING ME PAIN AND DISCOMFORT.

I WAS NOT EVEN GIVEN TYLENOL OR ASPRIN FOR THE PAIN WHICH LASTED SEVERAL WEEKS.

OFFICERS LARA, CARTWRIGHT AND QUINTERO ALL REFUSED ME MEDICAL TREATMENT. SGT. BERKLEY AND LIEUTENANT MIER ALSO DENIED ME MEDICAL TREATMENT. THE MEDICAL STAFF (DOCTOR) AT THE HEALTH CARE UNIT ALSO

DENIED ME MEDICAL TREATMENT. THE OFFICERS, SGT. AND LIEUTENANT ALSO FAILED TO ENSURE MY SAFETY WHILE I WAS HANDCUFFED AND DEFENSELESS.

PLAINTIFF REQUESTED STATEVILLE TO PROVIDE A DRY AREA TO DRESS AFTER SHOWERS AND A NON-SLIP COATING APPLIED TO THE STAIRS AS WELL AS OTHER RELIEF.

COUNSELOR JERRY BALDWIN, GRIEVANCE OFFICER AMI WORKMAN, A.R.B. MEMBER MELODY J. FORD AND I.D.O.C. DIRECTOR ROGER WALKER JR. ALL FAILED TO MAKE AN INDEPENDANT ASSESMENT OF THE INFORMATION AND EVIDENCE BEFORE DENYING PLAINTIFFS GRIEVANCE THEREBY FACILITATING THE ABOVE MENTIONED VIOLATIONS AND TURNING A BLIND EYE TO THEM.


WHEN PLAINTIFF WAS RELEASED FROM THE SECREGATION UNIT PLAINTIFF RECIEVED VISITS FROM HIS FAMILY. (CONTACT VISITS) PRIOR TO BEING ALLOWED TO ATTEND HIS VISITS, PLAINTIFF WAS FORCED TO SUBMIT TO A STRIP SEARCH DURING WHICH PLAINTIFF HAD TO TOUCH HIS GENITILIA AND BUTTOCKS THEN, WAS NOT PERMITTED TO WASH HIS HANDS AFTERWARDS.

14

PLAINTIFF FILED GRIEVANCE'S REGARDING THE UNSANITARY, AND HUMILIATING SHAKE DOWN PROCEDURES.

IN THE COUNSELOR'S RESPONSE TO A GRIEVANCE DATED 11-14-06, COUNSELOR L. DENNIS WROTE " VISITING ROOM SGT. STATED THAT THERE IS NO OFFENDER BATHROOM IN THE VISITING ROOM. THE OFFENDER WOULD HAVE HAD TO LEAVE THE VISITING ROOM TO WASH HIS HANDS AND BE SHOOK DOWN AGAIN. THE OFFENDER BATHROOM THAT WAS ONCE IN THE VISITING ROOM IS NOW BEING USED AS **A STORAGE CLOSET**. THERE ARE NO FACILITIES AVAILABLE FOR USE ANY LONGER".

PRIOR TO RECIEVING THIS RESPONSE, PLAINTIFF WROTE LETTERS TO THE HEALTH DEPARTMENT, THE DIRECTOR OF THE ILLINOIS DEPARTMENT OF CORRECTIONS (ROGER WALKER JR) AND GOVERNOR ROD BLAGOJEVICH.

PLAINTIFF —NO OTHER INMATES— RECIEVED A MEMORAN-DUM, FROM WARDEN TERRY McCANN, DATED **11-9-06** STATING THAT THERE ARE FACILITIES "IN THE VICINITY " OF THE VISITING ROOM AND THAT PLAINTIFF SHOULD INFORM THE GUARD OF MY DESIRE TO WASH MY HANDS PRIOR TO MY VISITS.

ON **12-16-06**, PLAINTIFF RECIEVED A VISIT FROM HIS MOTHER TO CELEBRATE HER BIRTHDAY. PLAINTIFF WAS AGAIN FORCED TO TOUCH HIS GENITILIA AND

15

BUTTOCKS DURING THE STRIP SEARCH AND WHEN PLAINTIFF INFORMED THE GUARD (C/O STIGLER) OF HIS DESIRE TO WASH HIS HANDS, THE GUARD TOLD PLAINTIFF TO FILE A GRIEVANCE, AND DENIED PLAINTIFFS REQUEST.

NUMEROUS TIMES I WAS SHAMED AND HUMILIATED BY HAVING TO EMBRACE MY LOVED ONES AND EAT WITH THEM KNOWING MY HANDS WERE SOILED.

C/O STIGLER, COUNSELOR L. DENNIS, GRIEVANCE OFFICER TAMMY GARCIA, "FRONT END LIEUTENANT", "VISITING ROOM SERGEANT", MAJOR MAURICE LAKE, WARDENS TERRY MCCANN AND DIEDRE BATTAGLIA AS WELL AS DIRECTOR ROGER WALKER JR. ALL HAD KNOWLEDGE OF THIS UNSANITARY, DEGRADING PRACTICE AND FACILITATED IN IT'S OCCURRANCE BY TURNING A BLIND EYE TO IT AND FAILING TO MAKE AN INDEPENDANT ASSESMENT OF THE INFORMATION AND EVIDENCE. THEREFORE ALL ARE RESPONSIBLE FOR THE VIOLATIONS I SUFFERED.

HAND SANITIZER WAS LATER PLACED IN THE SHAKE DOWN ROOM BUT WAS NOT REFILLED WHEN IT RAN EMPTY. PLAINTIFF FILED YET ANOTHER GRIEVANCE AFTER AGAIN BEING FORCED TO ENDURE THE UNSANITARY DEGRADING AND DEMORALIZING STRIP SEARCH PROCEDURES AND WAS TOLD THAT MORE HAND SANITIZER WOULD BE PURCHASED WITH FUNDS FROM THE INMATES BENEFIT FUNDS.

16

ON FEBRUARY 22, 2007, PLAINTIFF WAS AGAIN TAKEN TO THE SEGREGATION UNIT AND CHARGED WITH SEXUAL MISCONDUCT.

PLAINTIFF PROVIDED THE ADJUSTMENT COMMITTEE MEMBERS WITH A WRITTEN STATEMENT REQUESTING WITNESS BE INTERVIEWED. NONE OF PLAINTIFFS WITNESSES WERE LOCATED OR INTERVIEWED AND PLAINTIFF FILED A TIMELY GRIEVANCE. ALTHOUGH THE GRIEVANCE WAS DENIED, PLAINTIFF FILED A TIMELY APPEAL YET WAS DENIED HIS RIGHT TO APPEAL BY MELODY J. FORD.

OFFICER MINDI S. PIERCE WROTE THE FALSE REPORT WHICH I WENT TO SEGREGATION FOR. ADJUSTMENT COMMITTEE MEMBERS EDMUND BUTKIEWICZ AND DARYL L. JOHNSON FAILED TO PROVIDE ME DUE PROCESS BY NOT INTERVIEWING MY WITNESSES. AMI WORKMAN AND MELODY J FORD WRONGFULLY DENIED MY GRIEVANCE.


WHILE SERVING THE THIRTY DAY SEGREGATION SENTENCE FOR SEXUAL MISCONDUCT, PLAINTIFF FILED ANOTHER ARRAY OF GRIEVANCES CONCERNING CONDITIONS IN THE SEGREGATION UNIT.

PLAINTIFF COMPLAINED OF: 1) NOISE LEVEL IN SEGREGATION IS SO LOUD PLAINTIFF COULD NOT SLEEP, 2) GARBAGE (DIRTY DINNER TRAYS) ARE NOT COLLECTED AND LEFT IN THE CELL ALL NIGHT (NO DOUBT CONTRIBUTING TO THE ROACH INFESTATION), 3) WINDOWS LEAK COLD AIR INTO CELL, 4) CELL (117) HAD

17

EXPOSED **LIVE** WIRING ONE FOOT FROM SINK WHERE PLAINTIFF HAD TO WASH-UP (BATHE), 4) PLAINTIFF WAS GIVEN A DIRTY, SOILED, SMELLY MATTRESS TO SLEEP ON (WHICH PLAINTIFF REFUSED TO ~~DOE~~ DO, DUE TO RISK OF DISEASE AND WAS FORCED TO SLEEP ON PLAIN STEEL FRAM), 5) CELLS IN SEGREGATION ONLY PROVIDE 2½ FEET BY 9 FEET OF 'LIVING SPACE', 6) FOOD TRAYS ARE PREPARED IN AN UNSANITARY BASEMENT WITH NO FOOD SUPERVISOR PRESENT, ONLY INMATES, 7) INMATE 'WORKERS' IN SEGREGATION PERFORM JANITORIAL DUTIES AND FOOD SERVICES WITHOUT CHANGING CLOTHES OR WASHING THEIR HANDS, 8) PLAINTIFF WAS NOT PERMITTED TO PURCHASE GLOVES OR EAR WARMERS TO PROTECT HIM FROM THE FREEZING COLD WHEN HE WENT TO YARD, 9) PLAINTIFF WAS ELECTRICALY SHOCKED WHILE WASHING-UP (BATHING) IN HIS CELL. (A MAINTINANCE WORKER LATER REPLACED THE G.F.I. OUTLET AND STATED IT WAS DEFECTIVE.) ALL OF THESE VIOLATIONS CAUSED PHYSICAL AND MENTAL HARM TO PLAINTIFF.

COUNSELOR'S ED BUTKIEWICZ AND B. BARNES WRONGFULLY DENIED MY GRIEVANCES. THE SEGREGATION UNIT STAFF MEMBERS ALLOWED THE UNSANITARY, NOISY, DANGEROUS CONDITIONS. GRIEVANCE OFFICER AMI WORKMAN, MELODY J. FORD AND ROGER WALKER JR. ALL FAILED TO MAKE AN INDEPENDANT ASSESMENT OF THE INFORMATION AND EVIDENCE BEFORE DENYING MY APPEALS.

18

WHEN PLAINTIFF WAS RETURNED TO GENERAL POPULATION, PLAINTIFF FILED A GRIEVANCE REGARDING HIS WATER BOTTLES BEING THROWN AWAY DURING A 'SHAKE DOWN'. PLAINTIFF WAS TOLD EMPTY BOTTLES ARE NOT CONSIDERED PROPERTY, BUT GARBAGE.

PLAINTIFF LATER FILED A GRIEVANCE COMPLAINING THAT THERE IS NO DRINKING WATER PROVIDED TO INMATES WHEN THEY ATTEND 'SMALL YARD' (WHICH IS WHERE HALF OF THE INMATES YARD TIME OCCURS). PLAINTIFF WAS TOLD THAT HE; PLAINTIFF, COULD CHOSE TO NOT ATTEND YARD OR PROVIDE HIS OWN WATER. PLAINTIFF WAS TOLD THAT HE COULD PURCHASE A "CONTAINER" FROM COMMISSARY. (THE ONLY "CONTAINER" WHICH COULD BE PURCHASED IS A BOTTLE OF WATER OR OTHER REFRESHMENT)

BEING DENIED WATER, WHEN TEMPERATURES WERE IN THE 90'S, FOR A TWO — THREE HOUR YARD PERIOD CAUSED EXTREME DISCOMFORT, THIRST, DIZZINESS AND DEHYDRATION.

COUNSELOR L. DENNIS, AMI WORKMAN, TERRY MCCANN, MELODY J. FORD AND ROGER WALKER JR ALL DENIED MY GRIEVANCES AND THE REQUEST FOR WATER TO BE PROVIDED TO ME AND OTHER INMATES. ALL ARE THEREFORE RESPONSIBLE.

19

ON AUGUST 8, 2007, PLAINTIFF, ONCE AGAIN, RETURNED TO THE SEGREGATION UNIT. PLAINTIFF WAS CHARGED WITH FIGHTING, AS A RESULT OF A PHYSICAL CONFRONTATION BETWEEN PLAINTIFF AND HIS CELLMATE. PLAINTIFF DID NOT DENY HE WAS FIGHTING (NO DOES HE DO SO NOW) BUT PLAINTIFF DID FILE A GRIEVANCE ARGUING THAT HE -PLAINTIFF- HAD ASKED TO BE MOVED INTO A DIFFERENT CELL DUE TO "STRIFE" BETWEEN PLAINTIFF AND HIS CELLMATE. DURING THE FIGHT, PLAINTIFFS HAND AND RIBS WERE INJURED AND PLAINTIFF WAS HOSPITALIZED DUE TO HIS INJURIES.

JOLIET HOSPITAL - WHERE PLAINTIFF WAS TAKEN - CONDUCTED A THOROUGH EXAMINATION OF PLAINTIFF INCLUDING X-RAYS AND AN M.R.I. PLAINTIFF WAS ISSUED PRESCRIPTION MEDICATIONS AND RETURNED TO STATEVILLE.

STATEVILLE, WITHOUT CONDUCTING ANY EXAMINATION OF PLAINTIFF, REFUSED TO PROVIDE PLAINTIFF WITH THE PRESCRIBED MEDICATION.

"ACTING SERGEANT" KOVACH AND B-HOUSE STAFF REFUSED TO MOVE PLAINTIFF. STATEVILLE HEALTH CARE UNIT DOCTOR DENIED PLAINTIFF MEDICATION, WHICH CAUSED UNNECESSARY PAIN AND SUFFERING. COUNSELOR K. WHITINGTON, GRIEVANCE OFFICER TAMMI GARCIA, WARDEN TERRY McCANN, MELODY J. FORD AND DIRECTOR ROGER WALKER JR. ALL DENIED MY APPEALS WITHOUT MAKING AN INDEPENDANT ASSESMENT OF THE INFORMATION AND EVIDENCE. ALL ARE THEREFORE RESPONSIBLE.

20

PLAINTIFF SERVED THIRTY DAYS IN SECREGATION FOR FIGHTING AND WAS RELEASED ON FRIDAY SEPTEMBER 7, 2007. STANDARD PROCEDURE WOULD HAVE BEEN FOR PLAINTIFF TO BE TAKEN TO THE PERSONAL PROPERTY ROOM TO RETRIEVE ALL PERSONAL PROPERTY NOT PERMITTED IN SECREGATION AND TO BE TAKEN TO THE CLOTHING ROOM TO BE ISSUED "BLUES" WHICH GENERAL POPULATION INMATES **MUST** WEAR WHEN LEAVING THEIR CELL.

LIETENANT BRUZINSKI — WITHOUT CAUSE OR JUSTIFICATION — REFUSED TO ALLOW PLAINTIFF TO BE TAKEN TO OBTAIN EITHER HIS PROPERTY OR THE REQUIRED DEPARTMENT CLOTHING.

ON MONDAY, SEPTEMBER 10TH, PLAINTIFF WAS TAKEN TO GET CLOTHING AND HIS PERSONAL PROPERTY.

PLAINTIFF WAS NOT ALLOWED TO OBTAIN HIS T.V. WHICH HE WAS NOT ON RESTRICTION FOR. PLAINTIFF MADE NUMEROUS, **PEACEFUL**, COMPLAINTS ABOUT BEING DENIED HIS T.V., WHILE OTHER EQUALY SITUATED INMATES WERE **NOT** DENIED THEIR T.V.'S. ON WEDNSDAY SEPTEMBER 12TH, LIETENANT BRUZINSKI CAME TO PLAINTIFFS CELL AND ORDERED PLAINTIFF TO "CUFF-UP".

PLAINTIFF COMPLIED AND WAS INFORMED BY THE LIEUTENANT THAT HE — PLAINTIFF — WAS BEING RETURNED TO SEGREGATION STATUS.

21

PLAINTIFF REFUSED TO DRESS IN A SEGREGATION 'JUMP SUIT' AND THE 'S.O.R.T.' TEAM WAS CALLED TO PERFORM A 'CELL EXTRACTION'.

PLAINTIFF WAS ISSUED TWO DISCIPLINARY REPORTS. ONE BY LIETENANT BRUZINSKI ACCUSING THE PLAINTIFF OF DAMAGING/DESTROYING **"EVERY WINDOW"** IN CELL F-432. AND A SECOND DISCIPLINARY REPORT BY THE S.O.R.T. TEAM COMMANDER FOR ASSAULT AND DISOBEYING A DIRECT ORDER.

PLAINTIFF PROVIDED THE ADJUSTMENT COMMITTEE WITH A WRITTEN STATEMENT AND REQUESTED HIS CELLMATE BE INTERVIEWED AND THE S.O.R.T. TEAM VIDEO BE VIEWED TO PROVE HIS INNOCENSE. PLAINTIFF ALSO REQUESTED THE ADJUSTMENT COMMITTEE MAKE A VISUAL INSPECTION OF CELL F-432 WHICH WOULD PROVE THAT **"EVERY WINDOW"** WAS NOT BROKEN. PLAINTIFFS GRIEVANCE AND APPEALS WERE DENIED AND HE WAS SENTENCED TO FIFTEEN MONTHS IN SEGREGATION, FIFTEEN MONTHS LOSS OF GOOD TIME AND ORDERED TO PAY NEARLY #2,000 - FOR DAMAGES THAT NEVER OCCURRED. (PLAINTIFF WAS TRANFERRED TO THE PONTIAC CORRECTIONAL CENTER SEGREGATION UNIT AFTER GOING ON A HUNGER STRIKE AND REQUESTING AN INVESTIGATION INTO THE CONDUCT OF LT. BRUZINSKI AND THE S.O.R.T. TEAM).

22.

DARRYL M EDWARDS AND CHRISTOPHER CANNON, OF THE ADJUSTMENT COMMITTEE, BOTH FAILED TO CONSIDER AND/OR VIEW EVIDENCE I MADE THEM AWARE OF WHICH WOULD PROVE MY INNOCENCE.

JUDE EVANS, OF THE INTERNAL INVESTIGATORS OFFICE, FAILED TO INSPECT/VIEW CELL F-432 AFTER INTERVIEWING ME AND BEING MADE AWARE THAT THE WINDOWS WERE NOT BROKEN.

TERRY ANDERSON RESPONDED TO A LETTER I WROTE THE GOVERNOR ASKING FOR AN INVESTIGATION INTO THE MATTER BUT FAILED TO INVESTIGATE.

JACKIE MILLER, OF THE ADMINISTRATIVE REVIEW BOARD, DENIED MY GRIEVANCE AND DIRECTOR ROGER WALKER JR CONCURRED. ALL OF THESE INDIVIDUALS FAILED TO MAKE AN INDEPENDANT EXAMINATION OF THE EVIDENCE I PRESENTED AND ALL ARE RESPONSIBLE FOR MY BEING UNLAWFULLY HELD IN SEGREGATION.

(PLAINTIFF ASKS THIS COURT TO ENTER AN ORDER DIRECTING STATEVILLE TO VIDEO TAPE AND/OR PHOTOGRAPH CELL F-432 TO PRESERVE EVIDENCE WHICH WILL SHOW PLAINTIFF IS INNOCENT AND WILL AID THE COURT IN MAKING A JUST RULING)

23

PLAINTIFF BELIEVES GOVERNOR ROD BLAGOJEVICH
IS ALSO RESPONSIBLE FOR THE ABUSE SUFFERED
BY PLAINTIFF BECAUSE THE GOVERNOR IS MADE
AWARE OF CONDITIONS AT STATEVILLE CORRECTIONAL
CENTER THROUGH ANNUAL REPORTS. THE GOVERNOR
IS REQUIRED, BY LAW, TO MAKE VISITS TO THE
INSTITUTION TO MAKE VISUAL INSPECTION OF THE
CONDITIONS OF THE PRISON AND FAILURE TO DO
SO HAS RESULTED IN THE DEPLORABLE CONDITIONS
WHICH PLAINTIFF WAS SUBJECTED TO. IN FACT,
CONDITIONS AT STATEVILLE HAVE BEEN PRESENTED
TO THE GOVERNOR AS CAUSE FOR CLOSING DOWN
THE FACILITY, WHICH THE GOVERNOR HAS NOT DONE.
   THREE OTHER HOUSING UNITS AT STATEVILLE HAVE
BEEN CLOSED DOWN DUE TO THE DEPLORABLE CONDITIONS.
   THE REMAINING THREE UNITS ARE ALSO IN A
STATE UNSUITABLE FOR LIVING, YET THE GOVERNOR
KEEPS THE FACILITIES OPEN, KNOWING OF THE
DANGEROUS, UNSANITARY, INHUMANE CONDITIONS.

RELIEF:

V. PLAINTIFF ASKS THIS COURT TO APPOINT HIM AN ATTORNEY TO ASSIST PLAINTIFF IN RECIEVING REASON-ABLE COMPENSATION ($50,000 MINIMUM) FOR THE VIOLATIONS SUFFERED AT THE HANDS OF THE DEFENDANTS.

VI. PLAINTIFF DEMANDS THAT THE CASE BE TRIED BY A JURY.

CERTIFICATION

BY SIGNING THIS COMPLAINT, I CERTIFY THAT THE FACTS STATED IN THIS COMPLAINT ARE TRUE TO THE BEST OF MY KNOWLEGDE, INFORMATION AND BELIEF. I UNDERSTAND THAT IF THIS CERTIFICATION IS NOT CORRECT, I MAY BE SUBJECT TO SANCTIONS BY THE COURT.

SINGED THIS 25TH DAY OF MARCH 2003

PEDRO DIAZ
* B46669
P.O. BOX 99
PONTIAC, IL 61764

25